HENDRY, Judge.
This is a petition for review of an order by the trial court denying appellant’s application for a supersedeas bond.
Appellant was convicted of robbery and sentenced to seven years imprisonment in the state prison. Following a timely, notice of appeal, the trial judge denied a motion for supersedeas bond, on the grounds that robbery is a crime which may be punished by life imprisonment and, even though the sentence was actually only seven years, the granting of bail was forbidden by Art. I, Section 14, of the Florida Constitution, F. S.A. and by CrRP 3.130(a), 33 F.S.A.
The constitutional provision and the rule upon which the trial court relied provides a right to bail for all persons accused of a crime, prior to conviction, unless the charge is a capital offense or an offense punishable by life imprisonment and “the proof of guilt is evident and the presumption is great.” Following conviction, bail is not a matter of right, but still lies within the sound discretion of the trial judge. Younghans v. State, Fla.1956, 90 So.2d 308.
We think the standards outlined in the Younghans case should be applied in the instant cause. Appellant was sentenced to only seven years imprisonment, and the court should consider bail in the light of the actual severity of the sentence as well as other circumstances relevant to the question of whether or not appellant is likely to flee the jurisdiction during the pendency of his appeal.
We have concluded that the trial court erred in ruling that it was precluded from considering the appellant’s application for bond because of Art. I, Section 14, of the Florida Constitution and the rule of criminal procedure. Therefore, the cause is remanded to the trial judge with directions to consider the application for bond. In the event that bond is denied, the trial court should state his reasons for denial in accordance with the Younghans case.
It is so ordered.