OPINION ON ORDER DENYING BAIL PENDING APPEAL
ALDERMAN, Chief Judge.
Defendant seeks review of an order denying bail pending appeal. The determinative question is whether the trial court, under Fla.R.Crim.P. 3.691(a) (effective July 1, 1977) has any discretion to allow bail pending appeal to a person who has .previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony.
The relevant portion of the current rule 3.691(a) provides that “in no case shall bail be granted if such person has previously been convicted of a felony.” This differs from the former rule, which said that “a person may be denied bail upon appeal from conviction of a felony if such person had previously been convicted of a felony.” Clearly the former rule allowed the exercise of judicial discretion; just as clearly, the current rule is mandatory and allows no basis for the exercise of judicial discretion.
' Defendant cites Bamber v. State, 300 So.2d 269 (Fla. 2d DCA 1974) and Rolle v. State, 314 So.2d 624 (Fla. 1st DCA 1975), in support of his position. These cases, however, are ntí longer applicable. Both involve a conflict between the former Section 903.132, Florida Statutes (1974) and former Rule 3.691(a), and were decided on the basis that the legislature cannot deprive the court of its discretion to determine whether bail should be granted pursuant to a rule of criminal procedure. In the present case we do not have a conflict between the legislative and judicial branches of government. The Supreme Court of Florida, by its promulgation of Fla.R.Crim.P. 3.691(a) (effective July 1, 1977), has said “in no case shall bail be granted if such person has previously been convicted of a felony.” We assume that the Supreme Court meant what it said.
The trial court’s order denying bail pending appeal is affirmed.
DOWNEY and LETTS, JJ., concur.