370 So.2d 1207 (1979)
Horace PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. MM-187.
District Court of Appeal of Florida, First District.
May 9, 1979.
Rehearing Denied June 11, 1979.
Robert G. Kerrigan, of Kerrigan, Estess & Rankin, Pensacola, for appellant.
Jim Smith, Atty. Gen. and Miguel A. Olivella, Jr., Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION TO DISMISS THE APPEAL
ROBERT P. SMITH, Jr., Judge.
The state's motion to dismiss Pittman's appeal as untimely raises the question of whether the beginning of the 30-day appeal period in this criminal case was postponed by the filing of a motion in arrest of judgment within 15 days after the adjudication of guilt but 65 days after rendition of the jury verdict. The trial court entertained the motion in arrest of judgment but denied it on the merits; hence Pittman's appeal. We hold that Fla.R.Crim.P. 3.590 requires the filing of any motion in arrest of judgment within four days after the verdict in a jury trial, or by leave of court within 15 days after the verdict; that the trial court is without power to entertain a Rule 3.590 motion in arrest of judgment thereafter; that absent a timely motion in this case, the appeal time began upon rendition of the judgment and sentence; and that this appeal must be dismissed.
Pittman was found guilty of extortion by a jury verdict on March 29, 1977, and without intervening motions he was adjudged guilty and placed on probation on May 20. On June 2, 13 days after adjudication and 65 days after the verdict, Pittman filed a motion for new trial, which the trial court denied as untimely,[1] and a motion in arrest *1208 of judgment, which the trial court entertained and denied on the merits in November, 1978, some 17 months later. Pittman appealed within 30 days thereafter.
Pittman urges that his motion in arrest of judgment is addressed to a fundamental deficiency in the prosecution, the utter failure of the information to charge an offense; and that, consequently, his motion was not directed to the jury verdict or to trial proceedings culminating in that verdict, but rather was properly addressed to the judicial act which made those proceedings effective, i.e., the judgment and probationary sentence. On that premise Pittman urges that the judgment of guilt was "the finding of the court" within the meaning of Rule 3.590, which provides in part:
(a) A motion for new trial or in arrest of judgment, or both, may be made within four days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court.
To sustain Pittman's position would legitimize post-judgment motion practice in a large class of criminal cases tried to juries, if not in all, and would render the appealability of judgments indiscernible for 15 days after rendition, when the opportunity to file a Pittman-like motion in arrest of judgment by leave of court shall have passed.
Those troublesome ramifications aside, Pittman's interpretation of Rule 3.590 insufficiently takes account of history. Despite functional differences between motions for new trial and motions in arrest of judgment  the one being addressed to regularity of the trial and the efficacy of the verdict,[2] the other to defects apparent on the face of the indictment or information, or the verdict[3]  those motions are linked procedurally by Rule 3.590, as they were for years before 1939, when motions in arrest of criminal judgments were temporarily dispensed with. Chapter 19554, Section 239, Florida Laws (1939); Section 920.02, Florida Statutes (1941). Until then, at least since 1892, motions in arrest of criminal judgments and motions for new trial were to be filed "in the time and manner prescribed for similar motions in civil cases," which was within a prescribed specified time after the verdict. Sections 1180, 1181, 2936, Revised Statutes (1892); Sections 1608, 1609, 4005, General Statutes (1906); Sections 2811, 2813, 6108, Revised General Statutes (1920); Sections 4497, 4500, 8413, Compiled General Laws (1927). In 1967, by a rule in language carried down to now, the Supreme Court revived the motion in arrest of judgment in criminal cases and relinked its filing with motion for new trial. Fla.R. Crim.P. 1.590, 1.610; In re Florida Rules of Criminal Procedure, 196 So.2d 124, 164-65 (Fla. 1967). There is no reason to suppose that the Supreme Court intended, through the language relied on by Pittman, to depart from the historic precedent.
When present Rule 3.590 speaks of filings within a specified period after "rendition of the verdict or the finding of the court," it speaks of equivalent things: the jury's verdict or the judge's "verdict" or judgment in a nonjury trial. When as here a defendant has had a jury trial, a motion in arrest of judgment must be filed within the specified period after the jury's verdict, in the same time and manner as a motion for new trial. If it is not timely filed and a judgment and sentence are entered, no motion in arrest of judgment is thereafter appropriate under Rules 3.590 and 3.610.
If Pittman were in custody and the grounds of his complaint were cognizable under Rule 3.850, the trial court would of course have had jurisdiction to entertain the motion under that rule, and we should have jurisdiction of a timely appeal from the order denying the motion on the merits. Those qualifying conditions do not appear, however, or in any event have not been *1209 suggested as a basis for our retaining the case.
The motion to dismiss is GRANTED.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] The trial court denied the motion for new trial in December, 1977, but did not act on the motion in arrest of judgment. Pittman appealed to this court from the final judgment within 30 days after his motion for new trial was denied, and no mention was made of his unaddressed motion in arrest of judgment. On the state's motion, we dismissed that appeal as untimely, agreeing with the trial court that the motion for new trial, filed 65 days after the jury verdict, was untimely, and holding that the untimely motion for new trial did not toll the time for appealing from the May 20, 1977, judgment. Unpublished order in Pittman v. State, No. II-430, August 3, 1978.
[2] Fla.R.Crim.P. 3.600, Grounds for New Trial.
[3] Fla.R.Crim.P. 3.610, Motion for Arrest of Judgment; Grounds. See also State v. Cadieu, 353 So.2d 150 (Fla. 1st DCA 1977); Crandall, Florida Common Law Practice (1928), Section 489: "This motion is made by the defendant for the purpose of preventing the entry of a judgment on the verdict, on the ground that there is some error on the face of the record... ."