HURLEY, Judge.
By original petition for writ of habeas corpus we are asked to determine the standard to evaluate a request for bond, made by an adjudicated defendant, pending disposition of a motion for new trial. We conclude that the general principles set forth in Younghans v. State, 90 So.2d 308 (Fla.1956), apply and should guide the exercise of the trial court’s discretion.
Petitioners Cheatham and Jones are defendants in the trial court. They were free on bond until the jury returned verdicts of guilty, at which point the trial court adjudicated both and remanded them to the custody of the sheriff without bond. Oral motions for release on bond pending disposition of the motions for new trial were denied. Since then, each defendant has filed a written motion for new trial and requested a hearing for bond.
Our consideration starts with the premise that except for those charged with a capital offense or an offense punishable by life imprisonment,[1] all citizens enjoy the right to release on reasonable bail until the moment of adjudication. Article I § 14, Florida Constitution; State ex rel. Lickert v. Roberts, 331 So.2d 394 (Fla. 2d DCA 1976); Andress v. Coleman, 320 So.2d 451 (Fla. 4th DCA 1975), cert. dism. 320 So.2d 393 (Fla.1975). Equally accepted is the proposition that except for certain recidi *362 vists,[2] “[a]ll persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans v. State, 90 So.2d 308 (Fla.1956) . . Rule 3.691(a), Fla.R.Crim.P.; Spencer v. State, 284 So.2d 229 (Fla. 3d DCA 1973).
For purposes of bail the continuum of a criminal prosecution passes through two phases — pre and post adjudication. In most instances during the first phase bail is obtainable as a matter of right; after adjudication it becomes subject to the criteria in Younghans, supra. Andress v. Coleman, supra. In concluding that this formulation should apply to the case at bar, we have rejected the notion that there could be a hiatus between adjudication and the filing of a notice of appeal when a defendant’s entitlement to bail would be suspended and not subject to review.
Our rules permit review of a conviction in two forums. The first occurs in the trial court upon the filing of a motion for new trial[3] under Rules 3.850, 3.590 and 3.600, Fla.R.Crim.P. The second takes place in the appellate courts under the appropriate rules of appellate procedure. Petitioners herein are now engaged in the trial court and consequently their eligibility for bond is governed by Rule 3.590(d) which states:
Until such motion is disposed of, a defendant who is not already at liberty on bail shall remain in custody and not be allowed his liberty on bail unless the court upon good cause shown (if the offense for which the defendant is convicted is bailable) permit the defendant to be released upon bail until the motion is disposed of. If the defendant is already at liberty on bail which is deemed sufficient, it may permit him to continue at large upon such bail until the motion for new trial is heard and disposed of.
In considering this provision, we first note that petitioners have been adjudicated guilty and therefore we need not reach the issue presented to the Andress court which construed similar language in Rule 3.550. The above provision requires the defendants to make a showing of good cause and calls upon the trial court to exercise its sound discretion. The only remaining issue is the standard to be applied in this process.
Adjudication requires Rule 3.590(d) to be read in tandem with Rule 3.691(a). Thus when an adjudicated defendant seeks review of his conviction with a motion for new trial, Rule 3.691(a) supplies the standard for bond review. It states in part:
All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Youn-ghans v. State, 90 So.2d 308 (Fla.1956)
Younghans, of course, deals with the appropriate considerations for review of a motion for bond pending appeal. Its general principles, however, have equal application to a motion for release on bond pending the disposition of a motion for new trial. Younghans’ four criteria should be considered together with a determination of whether the motion for new trial is filed “in good faith, on grounds not frivolous but fairly debatable . . . .” Younghans v. State, supra at 310.
Whether or when a trial court pronounces adjudication of guilt is a matter within its sound discretion. We recognize it may be common practice to adjudicate defendants upon receipt of the jury’s verdict and so our action today is simply a clarification and restatement of the appropriate standard for post adjudication bond.
Petitioners/defendants’ motions for bond pending disposition of the motions for new trial are now pending in the trial court. We therefore stay issuance of the writ, but *363 direct the trial court to conduct a bond hearing forthwith.
It is so ordered.
ANSTEAD, J., concurs.
MOORE, J., dissents with opinion.

. Powers v. Schwartz, 357 So.2d 764 (Fla. 3d DCA 1978).

. Kelly v. State, 362 So.2d 945 (Fla.1978); McKenzie v. State, 355 So.2d 434 (Fla. 4th DCA 1977).

. Pittman v. State, 370 So.2d 1207, 1208 (Fla. 1st DCA 1979).