510 So.2d 1093 (1987)
Carlos VENTOSA, Appellant,
v.
STATE of Florida, Appellee.
No. BR-384.
District Court of Appeal of Florida, First District.
July 31, 1987.
Michael E. Allen, Public Defender and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
*1094 Robert A. Butterworth, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Ventosa appeals his sentence for aggravated assault which exceeds the guidelines recommendation. He argues that the trial court's reasons for exceeding the sentencing guidelines recommendation are not valid. We agree and remand for resentencing.
Appellant was charged with attempted murder by shooting a pistol, contrary to sections 782.04, 775.087(2) and 777.04, Florida Statutes. He was also charged with using a firearm in the commission of a felony. The jury found appellant guilty only of the lesser included offense of aggravated assault in count I, and not guilty of possession of a firearm during the commission of a felony in count II. The guidelines recommendation was non-state prison sanction, based on a total of 74 points. At the sentencing hearing the trial court departed from the recommended guidelines range and imposed a two year prison term to be followed by two years of community control. The trial court gave two reasons for exceeding the sentencing guidelines, both based on appellant's use of a firearm. In reason one, shooting the pistol constituted excessive force; in reason two, shooting the pistol evinced a flagrant disregard for public safety. Also in the departure order the court stated that any one of the two reasons standing alone would justify a departure from the sentencing guidelines.[1]
As appellant correctly points out, the aggravated assault statute, section 784.021, Florida Statutes, provides that aggravated assault can be a crime in which a deadly weapon is used, or is an assault with intent to commit a felony (no weapon required). Further, as appellant also contends, the jury unanimously found him not guilty of using a firearm in the commission of a felony on count II. We cannot interpret the jury's determination in any way except that they were not convinced sufficiently that the appellant used a firearm, or they chose to use their pardon power to excuse appellant's use of a firearm.[2] In either situation, it was within the province of the jury to make the determination. Their decision is binding in this case.
The trial judge, on the other hand, in his stated reasons, determined (apparently from the evidence in the case) that the appellant used a firearm. We construe this as an improper overruling by the trial judge of a determination made by the jury. We, therefore, agree with appellant that both reasons for departure are invalid for they are both premised on an element or factor for which appellant was not convicted. See Rule 3.701(d)(11) Fla.R.Crim.P. (Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained). See also State v. Tyner, 506 So.2d 405, 406 (Fla. 1987).
The record reveals that the assistant state attorney admitted to the judge he erred when drawing up the jury form. According to the state's attorney, the lesser included offense involving aggravated assault should have read "aggravated assault *1095 with a firearm," not simply "aggravated assault." Because of his error, the assistant state attorney explained that appellant got a "windfall," and apparently the trial judge agreed with him. Even so, the jury specifically found that appellant was not guilty of using a firearm in count II, which arose directly from the facts comprising count I.
The cases cited by the state to support the court's first reason for departure involving excessive force are distinguishable. In these cases, appellants were convicted of crimes involving the use of a firearm, i.e., (robbery with a firearm), Mathis v. State, 498 So.2d 647 (Fla. 1st DCA 1986), Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); (armed robbery), Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984).
Also, although flagrant disregard for the safety of others is a valid reason for departing from the guidelines, Scurry v. State, 489 So.2d 25 (Fla. 1986), it is necessary that the risk to others be proved beyond a reasonable doubt. Scurry at 29. In the instant case, the jury's verdicts reflect its determination that the appellant should not be considered as having used a firearm, and there are no arguments before this court that indicate how appellant might have otherwise endangered public safety.
We find that both the trial court's reasons for departure are invalid and therefore we reverse and remand this case for resentencing within the guidelines recommendation. See Williams v. State, 492 So.2d 1308 (Fla. 1986).
WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] The trial court's order stated as reasons for departure:

(1) The defendant shot at the victim several times at close range with a pistol, with one shot striking a portable tape player used by the victim to shield himself from his attacker. Were it not for this lucky gesture the victim may have been mortally wounded. This excessive use of force was more than necessary to account for the ill-will existing between defendant and his victim. Sable [Sabb] v. State, 479 So.2d 845 (1st DCA 1985); Garcia v. State, 454 So.2d 714, 718 (1st DCA 1984); Smith v. State, 454 So.2d 90 94 (2d DCA 1984).
(2) The testimony disclosed that this shooting occurred on an open, public and heavily travelled thoroughfare of the inner city. Such a wild, reckless discharge of a firearm in public by defendant evinces a complete disregard for the safety and welfare of others. Scurry v. State, 472 So.2d 779 (1st DCA 1985); Johnson v. State, 462 So.2d 49 (1st DCA 1984).
3. Any one of these factors standing alone would justify a departure from the sentencing guidelines.
[2] In regard to the pardon power of the jury, see State v. Baker, 456 So.2d 419, 422 (Fla. 1984); State v. Wimberly, 498 So.2d 929 (Fla. 1986).