730 So.2d 366 (1999)
Mario FUENTES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1690
District Court of Appeal of Florida, Fourth District.
March 24, 1999.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Mario Fuentes appeals the judgment entered against him after a jury found him guilty of aggravated assault with a deadly weapon, a motor vehicle, against Arthur McCarthy; resisting arrest without violence; and reckless driving. Fuentes argues the trial court committed fundamental error in instructing the jury on the fourth element of aggravated assault. We agree. Resolution of this issue renders moot Fuentes' second issue regarding his sentence.
When the jury was first instructed, the trial court explained the fourth element of aggravated assault: "And four, the assault was made with a fully formed conscious intent to commit assault upon Arthur McCarthy." (Emphasis supplied). Fuentes' information charged aggravated assault relying on the use of a deadly weapon, a vehicle, rather than the alternative basis of intending to commit a felony.
While deliberating the jury asked for an explanation of the difference between assault and aggravated assault, and the trial court realized the state's typed instruction failed to include the "deadly weapon" alternative to the fourth element of aggravated assault. The jury returned and the court read the aggravated assault instruction, this time including the "deadly weapon" alternative, but again misstating the latter alternative: "Four, that the assault was made with a deadly weapon, or the assault was made with the fully formed conscious intent to commit assault upon Arthur McCarthy." (Emphasis supplied). The court explained to the jury that the distinction between assault and aggravated assault was that aggravated assault required the jury to "find that the assault was made with a deadly weapon or the assault was made with the fully formed conscious intent to commit the aggravated assault upon the victim." (Emphasis supplied).
We conclude fundamental error occurred when the jury was improperly instructed on the fourth element of aggravated assault.[1] The improper instruction allowed the jury to find Fuentes guilty of aggravated assault on *367 a theory which was not charged, see State v. Allen, 519 So.2d 1076 (Fla. 1st DCA 1988), and which would not support conviction, i.e., commission of a simple assault with the intent to commit the simple assault.[2] By instructing the jury it could find Fuentes guilty of aggravated assault whether or not he intended to use his vehicle to run over McCarthy (i.e., if Fuentes committed an assault and intended to commit an assault), the erroneous instruction negated Fuentes' only defense: a lack of intent to hit McCarthy with the vehicle. Sigler v. State, 590 So.2d 18, 20 (Fla. 4th DCA 1991).
REVERSED and REMANDED.
POLEN, KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] Section 784.021, Florida Statutes "provides that aggravated assault can be a crime in which a deadly weapon is used, or is an assault with intent to commit a felony (no weapon required)." Ventosa v. State, 510 So.2d 1093, 1094 (Fla. 1st DCA 1987).
[2] The jury instruction for assault provides:

Before you can find the defendant guilty of Assault, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 97 (Fla.1997) (emphasis supplied).