FARMER, J.
Defendant argues that the state’s information charged him only with violations under subsection (1), (3) and (4) of section 800.04 but that the trial judge instructed on—and the jury found him guilty of—a violation under subsection (2). He also contends that the judge improperly admitted collateral crimes evidence. We agree and reverse.
The facts and circumstances regarding the issue relating to the crimes charged are identical to those in O’Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997). As there, the information in this case charged violations under other parts of section 800.04 but said nothing that could reasonably be interpreted as an alleged violation of subsection (2), relating to simulated sexual intercourse. As the OBryan court said:
“Although one of the crimes on which the court instructed conformed to the information, the court failed to instruct on the information’s alternative offense and instead instructed on an uncharged offense. The jury’s general verdict makes it impossible to determine of which offense appellant was found guilty. See Owens v. State, 593 So.2d 1113 (Fla. 1st DCA 1992). Because the court instructed the jury on a crime not charged, the resulting verdict is a nullity. Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995); Moore v. State, 496 So.2d 255, 256 (Fla. 5th DCA 1986)(‘A verdict which finds a person guilty of a crime with which the accused was not charged is a nullity.’).”
692 So.2d at 291. Essentially defendant was convicted of a crime not charged. That is fundamental error.
We also conclude that the admission of “other crimes” evidence was improper. § 90.404(2)(a), Fla. Stat. (1997) (“Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.”). It is apparent beyond any doubt that the state sought by the introduction of this evidence to corroborate the credibility of the complaining witnesses. As the state acknowledges, however, there are no familial contacts present in this case. See Heuring v. State, 513 So.2d 122 (Fla.1987); State v. Rawls, 649 So.2d 1350 (Fla.1994) (defendant did not have familial relationship with victim and thus collateral crimes *411 evidence improperly used to corroborate victim’s testimony); and Saffor v. State, 660 So.2d 668 (Fla.1995).
REVERSED.
SHAHOOD and HAZOURI, JJ., concur.