760 So.2d 298 (2000)
Angela TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-254.
District Court of Appeal of Florida, Fourth District.
June 21, 2000.
*299 James H. Greason, Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
GLICKSTEIN, HUGH S., Senior Judge.
We reverse appellant's conviction of aggravated battery. She was charged as follows:
ANGELA TAYLOR ... did unlawfully and intentionally touch or strike Charlene Marshall against her will with a deadly weapon, to wit: a razor type knife, contrary to F.S. 784.045, (L7).
The trial court, however, instructed the jury not on the charge of aggravated battery using a deadly weapon, but on aggravated battery causing permanent disfigurement. Specifically, it instructed, as follows:
Before you can find the defendant guilty of aggravated battery the State must have proved the following two elements beyond a reasonable doubt. The first element is the definition of battery. First, that Angela Taylor touched or struck Charlene Marshall against her will or intentionally caused bodily harm. And two, Angela Taylor in committing the battery intentionally or knowingly caused permanent disfigurement to the victim. A weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm.
The jury subsequently found Taylor guilty of aggravated battery using a general verdict form. She then moved for arrest of judgment or a new trial, which was denied. This appeal followed.
It is well established that a trial court commits fundamental error by convicting a defendant on a crime not charged. Abbate v. State, 745 So.2d 409, 410 (Fla. 4th DCA 1999). A trial court also commits fundamental error when it instructs the jury on an alternative theory which was not charged in the information. See Fuentes v. State, 730 So.2d 366 (Fla. 4th DCA 1999). Both fundamental errors occurred here.
WARNER, C.J., and STONE, J., concur.