PER CURIAM.
Tamera Simpson petitions this court for a writ of habeas corpus. Because we find the trial court abused its discretion in arbitrarily refusing to consider petitioner’s request for post-trial release, we grant relief.
Simpson was charged with aggravated battery, a felony. A jury found her guilty of the lesser-included offense of simple battery, a misdemeanor. Sentencing was postponed and, because he was scheduled to leave the country shortly after conclusion of the trial, defense counsel made an ore tenus motion for new trial with leave to amend at a later date. The motion was granted. The defense then asked that the defendant be allowed to remain on bond pending further proceedings. The court’s response was that “Somebody rolls the dice and gets convicted, they go right to the [Leon County Jail].” When the request for post-trial release was renewed, the court’s response was:
I have a standard policy. If you get convicted by a jury, you go straight from the courtroom to the Leon County Jail, and if there’s a motion for bond, then that can be filed and heard. That’s part of the process. If you win when you roll, you walk out the door. If you lose when you roll, you just walk out a different door.
It is clear from the context of these discussions that the trial judge’s references to “roll” and “roll of the dice” concern a defendant’s election to go to trial rather than enter a plea.
Florida Rule of Criminal Procedure 3.590(d) provides:
Until the motion [for new trial] is disposed of, a defendant who is not already at liberty on bail shall remain in custody and not be allowed liberty on bail unless the court on good cause shown (if the offense for which the defendant is convicted is bailable) permits the defendant to be released on bail until the motion is disposed of. If the defendant is already at liberty on bail that is deemed by the court to be good and sufficient, it may permit the defendant to continue at large on such bail until the motion for new trial is heard and disposed of.
A fair reading of the rule suggests that the trial court should exercise its discretion to determine whether to continue a pre-trial bond in force, if it is deemed good and sufficient, pending disposition of a motion for new trial. Here, the trial judge’s “standard policy” is, at best, not to exercise the discretion Rule 3.590(d) contemplates he will exercise, in deciding whether a defendant already admitted to bail be allowed to remain on bail until a motion for new trial is decided. At worst, the trial judge’s “standard policy” is, as petitioner contends, an indefensible sanction for asserting the right to a jury trial. Cf. John *498 son v. State, 679 So.2d 831 (Fla. 1st DCA 1996)(sentencing decision should not be based on defendant’s exercise of right to trial by jury).
In either event, the trial court has abused its discretion. We therefore grant the petition for writ of habeas corpus and, although we do not order petitioner’s immediate release from custody, the respondent Sheriff is directed to bring the petitioner before a judge of the Circuit Court for Leon County forthwith who shall determine whether Simpson is entitled to release on bail pending disposition of the motion for new trial. In so doing, the trial court is directed to consider the factors set forth in Cheatham v. Novell, 382 So.2d 361 (Fla. 4th DCA 1980).
PETITION GRANTED.
BOOTH, BENTON and BROWNING, JJ., concur.