789 So.2d 1151 (2001)
Xavier Uron BRAGGS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1315.
District Court of Appeal of Florida, Third District.
July 5, 2001.
*1152 Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez, Special Assistant Public Defender, for appellee.
Robert A. Butterworth, Attorney General, and Steven R. Parrish (Ft.Lauderdale), Assistant Attorney General, for appellant.
Before GERSTEN and SHEVIN, JJ., and NESBITT, Senior Judge.
SHEVIN, J.
Xavier Uron Braggs appeals convictions and sentences for two counts of burglary with assault or battery while armed, one count of armed home invasion robbery, and three counts of armed kidnapping. We affirm in part, and reverse in part.
Braggs' first argument is that the court erred in entering convictions for burglary with assault or battery and home *1153 invasion robbery, as the latter is subsumed in the conviction for the former. As the state correctly concedes, the conviction for count three, home invasion robbery, "should be vacated as it is subsumed by the greater offense of burglary with an assault." Smith v. State, 741 So.2d 579, 579 (Fla. 3d DCA 1999); Mendez v. State, 26 Fla. L. Weekly D883, ___ So,2d ___, 2001 WL 314524(Fla. 5th DCA Mar. 30, 2001). On remand the court shall vacate this conviction and sentence.
Braggs also argues that the court erred in entering the kidnapping convictions because there was insufficient evidence to support the convictions. We agree. Braggs was charged under section 787.01(1)(a)2., Florida Statutes (1997), with kidnapping with the intent to "commit or facilitate commission of any felony." Faison v. State, 426 So.2d 963, 965 (Fla.1983), held that to justify a kidnapping conviction, when the taking or confinement is alleged to have been done to facilitate the commission of another crime, as charged in this case, the movement or confinement of the victims:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
The purpose behind this test is to preclude a conviction for kidnapping, a second crime, when in reality the movement or confinement was merely part of the underlying felony. To do otherwise would result in a kidnapping conviction with every forcible felony conviction. Faison, 426 So.2d at 966.
In Berry v. State, 668 So.2d 967 (Fla. 1996), the Florida Supreme Court, explaining Faison, clearly enunciated that gathering victims and holding them at gunpoint is insufficient to support a kidnapping conviction.
[T]here can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it. For example, if [the robbers] had confined the victims by simply holding them at gunpoint, or if the robbers had moved the victims to a different room in the apartment, closed the door, and ordered them not to come out, the kidnapping conviction could not stand.
Berry, 668 So.2d at 969. In this case, the incidental confinement and movement of the victims occurred as described in Berry. These actions were minimal, incidental to the burglary and had no significance independent of the underlying burglary. This was insufficient to support the kidnapping conviction.
The state asserts that the convictions are supported by testimony that one of the perpetrators suggested that the victims be tied up. However, although actually tying up a victim can be sufficient to support a kidnapping conviction, Berry; compare Humphries v. State, 676 So.2d 1 (Fla. 5th DCA 1995)(no kidnapping when defendant thwarted while duct-taping victims), the testimony of such a suggestion, standing alone, is not sufficient evidence to support the kidnapping conviction.
Additionally, there is no preservation problem with this issue. Although defendant was charged with kidnapping with the intent to "commit or facilitate commission of any felony," under section 787.01(1)(a)2., the jury was also instructed under the terrorizing subsection of the statute. The jury was asked to decide whether defendant had committed a kidnapping with the intent to "inflict great bodily harm upon or to terrorize the victim...." § 787.01(1)(a)3., Fla.Stat. (1999). *1154 Contrary to the state's argument, despite the lack of objection to this instruction, we cannot affirm the kidnapping convictions on this basis.
It is well settled that a trial court commits fundamental error by convicting a defendant on a crime not charged. Taylor v. State, 760 So.2d 298 (Fla. 4th DCA 2000); Abbate v. State, 745 So.2d 409, 410 (Fla. 4th DCA 1999). Moreover, "[b]ecause the court instructed the jury on a crime not charged, the resulting verdict is a nullity." Abbate, 745 So.2d at 410. Such an instruction is also fundamental error. Taylor, 760 So.2d 298; Hendricks v. State, 744 So.2d 542 (Fla. 1st DCA 1999); Fuentes v. State, 730 So.2d 366 (Fla. 4th DCA 1999). Hence, were we to affirm the kidnapping convictions, we would be affirming convictions that, at law, are a nullity. This we will not do.
Based on the foregoing, we direct that the convictions for armed home invasion robbery and kidnapping be vacated and that Braggs be resentenced accordingly. As Braggs' remaining points lack merit, the remaining convictions are affirmed in all other respects.
Affirmed in part, reversed in part and remanded.