878 So.2d 401 (2004)
Johnny HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4805.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
Rehearing Denied August 17, 2004.
Johnny Hodges, Sneads, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Johnny Hodges (Defendant) filed a petition alleging ineffective assistance of appellate counsel. We grant the petition in part and order a new trial on the kidnapping count.
Evidence was presented at Defendant's jury trial that the victim opened the door to allow Defendant, her great-grandson, to enter her home around 3:00 a.m. When they entered the living room, he hit her on the back of the head and she fell. Then he pulled up her nightgown, touched her bare buttocks, and choked her until she lost consciousness. When she awoke, she was tied to the bed, had a strange feeling in her buttocks as if she had been raped, and *402 she saw her car backing out; later, Defendant would plead guilty to leaving the scene of a one-vehicle accident in the victim's car a few days later. The victim had a tear along her anus. Vaginal and rectal swabs revealed semen, but a DNA profile could not be detected. However, Defendant's DNA matched a semen stain found on the victim's bed sheet.
Defendant was charged with sexual battery, kidnapping, grand theft of a motor vehicle, and battery on a person sixty-five years of age or older. In the instant petition, he alleges that his appellate counsel was ineffective for failing to raise two issues of fundamental error in the jury instructions, one in connection with the kidnapping conviction and one in connection with the sexual battery conviction.
In count II, the kidnapping charge, the information alleged that the acts of confinement, abduction or imprisonment of the victim were done with the intent to commit or facilitate the commission of a sexual battery or battery on a person over sixty-five, contrary to Florida Statutes section 787.01(1)(a). The statute provides four alternative ways of committing kidnapping. The one with which Defendant was charged was section 787.01(1)(a)2: when the confinement is with the intent to "commit or facilitate commission of any felony." Another means of kidnapping is when the confinement is done with the intent to "[i]nflict bodily harm upon or to terrorize the victim or another person." § 787.01(1)(a)3. This type of kidnapping was not charged in the information.
Nevertheless, the jury was instructed that in order to find Defendant guilty of kidnapping, the state had to prove, beyond a reasonable doubt, either of two alternate intents:
JOHNNY JAMESON HODGES acted with intent to:
(a) commit or facilitate commission of a Sexual Battery or a Grand Theft (Motor Vehicle).
or
(b) inflict bodily harm upon or to terrorize the victim or another person.
In other words, the instruction allowed the jury to find Petitioner guilty of kidnapping if it found he committed an act which was not charged in the information.
Although the state has demonstrated that defense counsel did not object to the reading of this instruction, such error is fundamental. See Braggs v. State, 789 So.2d 1151, 1154 (Fla. 3d DCA 2001) (reversing kidnapping conviction because, although the defendant was charged with kidnapping with intent to commit or facilitate the commission of any felony, jury was also instructed to decide whether he committed a kidnapping with the intent to inflict great bodily harm upon or to terrorize the victim; even though there was no objection, convicting a defendant of a crime not charged was fundamental error and the verdict in such a case was a nullity); Taylor v. State, 760 So.2d 298, 299 (Fla. 4th DCA 2000) (reversing aggravated battery conviction, where the defendant had been charged with aggravated battery by using a deadly weapon, but the trial court instructed on aggravated battery causing permanent disfigurement, noting it is fundamental error to convict a defendant of a crime not charged, or to instruct the jury on an alternative theory which was not charged in the information).
Appellate counsel may be deemed to have rendered ineffective assistance in failing to raise an unpreserved issue on appeal if the issue is meritorious and rises to the level of a due process violation, constitutional violation, or another matter of fundamental error. Meyer v. Singletary, 610 So.2d 1329, 1331 (Fla. 4th DCA 1992) (citing Hargrave v. State, 427 So.2d *403 713 (Fla.1983)). We determine that this issue was meritorious and rose to the level of fundamental error; had appellate counsel argued the issue on appeal, this court would have reversed and remanded for a new trial on this count. Therefore, we order a new trial on the kidnapping charge.
We do not believe the alleged error in connection with the sexual battery count rises to the same level.
Accordingly, the petition is granted in part and denied in part.
GUNTHER, POLEN and TAYLOR, JJ., concur.