888 So.2d 665 (2004)
Fredrick B. MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2478.
District Court of Appeal of Florida, First District.
November 10, 2004.
Rehearing Denied December 21, 2004.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Attorney General, and Shasta W. Kruse, Assistant Attorney General, Tallahassee, for Appellee.
*666 PER CURIAM.
Fredrick Mitchell appeals his conviction and sentence for aggravated assault, contending (1) that the trial court erred by denying his motion in arrest of judgment, because the jury found him guilty of an offense the state did not charge in the information, and (2) that the court committed fundamental error by giving the jury the standard instruction on aggravated assault, thereby permitting the jury to return a verdict of guilt for a crime not charged. We affirm, because he was not convicted of an uncharged offense.
On December 31, 2001, while Eric Green, the victim, hosted a small party at his residence, an argument ensued between him and appellant Mitchell, which culminated in three shots being fired from a vehicle which Mitchell and several others occupied. Police found two shell casings in the yard.
Mitchell was charged with (I) aggravated assault, and (II) discharging a firearm from a vehicle.[1] Count I of the information charged that Mitchell
did unlawfully and with a deadly weapon, to-wit: a firearm, without intent to kill, intentionally make an unlawful threat, by word or act, to do violence to the person of ERIC DWAYNE GREEN and while having the apparent ability to do so, did do an act, to-wit: shot a firearm in the direction of the victim, which created a well-founded fear that such violence was imminent, and during the commission thereof did use, carry and actually possess a firearm, to-wit: a handgun, or did discharge said firearm, in violation of Sections 784.021(1)(a) and 775.087(1) & (2), Florida Statutes.
On February 28, 2003, the jury found Mitchell guilty "as charged" as to Count I, but found in the special verdict that although he possessed a firearm during the course of the crime, he did not discharge it. The jury acquitted Mitchell of discharging a firearm from a vehicle, as alleged in Count II. At the sentencing hearing on June 4, 2003, Mitchell filed a motion in arrest of judgment, contending that the jury's verdict acquitting him of discharging a firearm was inconsistent with the information, which required proof that he shot at Green in order to establish aggravated assault; therefore, the state failed to prove the offense of aggravated assault.[2] The court denied the motion as untimely.
We agree with the lower court's ruling. Under Florida Rule of Criminal Procedure 3.590(a), a motion in arrest of judgment must be filed within ten days of the jury's rendition of the verdict. The time limit is jurisdictional and cannot be extended. State v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982); Pittman v. State, 370 So.2d 1207 (Fla. 1st DCA 1979) (on mot. to dismiss); State v. Johnson, 651 So.2d 145 (Fla. 2d DCA 1995). We reject Mitchell's claim that he preserved this issue in his motion for judgment of acquittal. In such motion, he argued only that the evidence was legally insufficient to support the offense of discharging a firearm, which the trial court properly rejected, concluding there was sufficient evidence on this *667 point to send Counts I and II to the jury. In contrast, the issue he raised for the first time post-trial related to the inconsistency in the jury's verdict. See Fla. R.Crim. P. 3.610(d) (authorizing post-trial motions in arrest of judgment when "[t]he defendant was convicted of an offense for which the defendant could not be convicted under the indictment or information under which the defendant was tried.").
Mitchell raises a related argument in issue two, that the court committed fundamental error by giving the standard jury instruction on aggravated assault, which informed the jurors that they could convict Mitchell for making a threat by word or act that put Green in fear, whereas the state's information specifically charged him with putting Green in fear by shooting at him. Mitchell contends that when an offense can be committed in more than one way, but the information charges the defendant with committing the offense in only one way, it is fundamental error for the trial court to instruct the jury on the alternative way. See Dixon v. State, 823 So.2d 792 (Fla. 2d DCA 2001); Taylor v. State, 760 So.2d 298 (Fla. 4th DCA 2000); Fuentes v. State, 730 So.2d 366 (Fla. 4th DCA 1999).
The proposition upon which Mitchell relies, however, does not apply to the case at bar. In each of the cases cited above, a single statute contained two or more distinct avenues for committing an offense, consisting of different elements, and the defendants were charged with one of the alternative means but the jury was instructed in a manner that permitted conviction for the other. For example, in Dixon, the defendant was charged with battery of a law-enforcement officer by intentional touching, but the court committed fundamental error by instructing the jury that it could convict if Dixon intentionally touched the officer, or caused him bodily harm, which are separate violations under section 784.03(1)(a)1 and (1)(a)2, Florida Statutes. In Taylor, the trial court committed fundamental error by instructing the jury that it could convict Taylor of aggravated battery if he used a deadly weapon or caused permanent disfigurement  separate violations under section 784.045.(1)(a)1 and (1)(a)2, Florida Statutes  whereas the information charged him only with using a deadly weapon. And in Fuentes, the information charged the defendant with aggravated assault using a deadly weapon, but the trial court instructed the jury that it could convict him if he used a deadly weapon or intended to commit a felony, which are separate violations under section 784.021(1)(a) and (1)(b), Florida Statutes.
In contrast, threatening the victim by word or act, and putting the victim in fear by shooting a firearm are not distinct, separate means for committing assault, but are two of the three elements of the single offense, as defined in section 784.011, Florida Statutes (2001):
(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Section 784.021(1)(a), Florida Statutes (2001), provides that an assault is aggravated when committed "[w]ith a deadly weapon without intent to kill." The trial court gave the standard instruction:
Before you can find the defendant guilty of aggravated assault by threat with a firearm, the State must prove the following four elements beyond a reasonable doubt: The first three elements define assault. One, Mr. Mitchell intentionally and unlawfully threatened either by word or act to do violence to Eric *668 Dewayne Green; two, at the time Mr. Mitchell appeared to have the ability to carry out the threat; three, the act of Mr. Mitchell created in the mind of Mr. Green a well-founded fear that the violence was about to take place; four, the assault was made with a deadly weapon.
Accordingly, the state alleged the elements of aggravated assault in the information; the trial court properly instructed the jury thereon; and the "to-wit" language in the information, identifying the specific means by which the defendant put the victim in fear, was surplusage. Cf. Ingleton v. State, 700 So.2d 735 (Fla. 5th DCA 1997) (affirming conviction for murder, holding that language in the indictment charging defendant with murder "by strangling" the victim was surplusage rather than an essential element of the offense, and thus the state was properly permitted to prove that defendant killed the victim by providing her with a lethal dose of cocaine); In the Interest of W.M., 491 So.2d 1263 (Fla. 4th DCA 1986) (affirming conviction for aggravated assault based upon proof that defendant used or threatened to use a BB gun, holding that the state's allegation that the weapon used was "to-wit: a firearm ... handgun," was surplusage, because the specific weapon used was not an element of aggravated assault); Mas v. State, 222 So.2d 250 (Fla. 3d DCA 1969) (affirming conviction for throwing a deadly missile, holding that language in the information charging that the missile was, "to wit: a fire bomb," was surplusage, and that the information contained the essential allegation that the missile would produce death or great bodily harm and did not require proof that the missile was a fire bomb under the statute).
The court did not, as Mitchell contends, expand the definition of assault beyond that which was charged in the information, resulting in the conviction of a crime not charged. Although the jury specifically found that Mitchell did not discharge the firearm, it concluded he was guilty of aggravated assault, which was encompassed by both the pleading and proof below.
AFFIRMED.
ERVIN, PADOVANO and LEWIS, JJ., concur.
NOTES
[1] The trial court entered a judgment of acquittal as to Count III, charging Mitchell with shooting at, into, or within a building.
[2] Mitchell cited case law stating that when a statute provides that an offense may be committed in alternative ways, the state must prove that the defendant committed the crime in the manner alleged in the information. See, e.g. Long v. State, 92 So.2d 259 (Fla.1957); Lewis v. State, 53 So.2d 707 (Fla.1951); Atwell v. State, 739 So.2d 1166 (Fla. 1st DCA 1999); Jones v. State, 325 So.2d 436 (Fla. 1st DCA 1975); Ankiel v. State, 479 So.2d 263 (Fla. 5th DCA 1985).