977 So.2d 781 (2008)
Luis SANTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-471.
District Court of Appeal of Florida, Fifth District.
March 28, 2008.
James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Following a jury trial, Appellant was convicted of burglary of a structure with an assault or battery, attempted sexual battery and false imprisonment.[1] We find no merit in his challenge to the attempted sexual battery conviction. Accordingly, that conviction is affirmed. We do find merit, however, in one of Appellant's arguments pertaining to the burglary conviction. We conclude that the court committed fundamental error when it instructed the jury on a theory not charged in the information. Accordingly, we reverse the conviction on the burglary count and remand for a new trial.
The State charged Appellant with burglary under the theory that Appellant had remained in a structure with the intent to commit a forcible felony therein pursuant to section 810.02(1)(b)2.c, Florida Statutes (2006). The material portions of the information provided:
Luis A. Santin . . . did, in violation of Florida Statutes 810.02(1)(b)2.c. and *782 810.02(2)(a), enter or remain, without license or invitation, in a portion of a structure, located in the vicinity of 39 W. Pine Street, to wit: the ladies' restroom, in the County and State aforesaid . . . with the intent to commit or attempt to commit a forcible felony as defined in Florida Statutes 776.08, and in the course of committing said offense, Luis A. Santin did make an assault or battery upon [the victim].
(Emphasis added).
The court's instruction permitted the State to argue that the jury could find Appellant guilty if he "had a fully-formed conscious intent to commit an offense in that structure." This theory of criminal responsibility is based on section 810.02(1)(b)l., Florida Statutes (2006), a theory not charged in the information. Based on the instruction, the prosecutor did indeed argue a theory not charged. The prosecutor argued:
So applying the law to these facts, we have a burglary of a structure with an assault or battery therein. Structure. You have different compartments like we talked about. The ladies' room is not open to the male public. The locked stall door is not open to anybody but the person using that stall. He entered into that stall with the intent to at least commit a battery against her, and that's how it's charged, the burglary. Entering or remaining in that portion of the structure with the intent to commit a battery. Now, of course, much more was intended, but the bottom line was, he intended to unlawfully touch her in some manner.
. . . .
Now, the burglary verdict and the burglary instructions are a little confusing, but, again, when you break it down to the elements of the burglary charge, did he enter that bathroom or that locked stall with the intent to commit a battery against her? Yes. When you break down burglary, it's that simple.
By giving an instruction on an alternative theory not charged, the court committed fundamental error. Garzon v. State, 939 So.2d 278, 287 (Fla. 4th DCA 2006); Hodges v. State, 878 So.2d 401 (Fla. 4th DCA 2004); Taylor v. State, 760 So.2d 298 (Fla. 4th DCA 2000); Fuentes v. State, 730 So.2d 366 (Fla. 4th DCA 1999).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER, MONACO and TORPY, JJ., concur.
NOTES
[1] The trial court dismissed the false imprisonment conviction on double jeopardy grounds.