GRIFFIN, J.
Petitioner seeks another appeal, alleging ineffective assistance of appellate counsel. See Fla. R.App. P. 9.141(c). On April 17, 2008, Petitioner was found guilty of first-degree felony murder and burglary of a dwelling with a battery while armed with a deadly weapon. He was sentenced on the same day to life imprisonment for both the felony murder and the burglary convictions, both counts to run concurrently. A notice of appeal was filed and the judgment and sentence were affirmed. Everett v. State, 7 So.3d 544 (Fla. 5th DCA 2009).
Petitioner now raises four claims of ineffective appellate counsel; only one of which is meritorious. Count II of the two-count indictment charged burglary of a dwelling, a second-degree felony. See § 810.02(1) & (3), Fla. Stat. (2010). The charge asserted that Petitioner unlawfully entered or remained in a dwelling with the intent to commit either an assault, battery, or murder therein. The burglary count of the indictment did not allege that Petitioner committed an assault or a battery, and did not allege that Petitioner was armed with a deadly weapon,[1] although the evi *957 dence was ample to support such a charge, and the jury was instructed as to these aggravating circumstances. The jury found Petitioner guilty of burglary of a dwelling with a battery while armed with a dangerous weapon. Petitioner was sentenced to life imprisonment in accordance with the jury verdict for the first-degree felony punishable by life. Petitioner correctly contends that he could not be convicted of the first-degree burglary after being charged only with second-degree burglary.
A response to the petition was ordered, and the State does not represent that the indictment was ever amended. The State argues waiver because trial counsel did not raise the issue. The State also weakly argues that the indictment’s allegations encompassed the aggravating factors of the burglary statute or, in the alternative, that there was merely a “scrivener’s error.”
It is fundamental error to convict a defendant of a felony that is not charged. See Keels v. State, 792 So.2d 1249 (Fla. 2d DCA 2001); see also Brown v. State, 41 So.3d 259 (Fla. 4th DCA 2010); Santin v. State, 977 So.2d 781 (Fla. 5th DCA 2008); Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999). In this case, Petitioner was charged with a second-degree felony and then convicted and sentenced for a first-degree felony punishable by life, based on an erroneous verdict form and jury instructions. This was a fundamental error and appellate counsel was ineffective for failing to raise it.
We reverse the burglary conviction and vacate the sentence. We remand for correction of the judgment to classify the conviction as a second-degree felony and for resentencing.
PETITION GRANTED in part; DENIED in part; SENTENCE on Count II vacated and REMANDED.
SAWAYA and PALMER, JJ., concur.

. See § 810.02(2)(a) & (b), Fla. Stat. (2010).