PER CURIAM.
 

 Edward VanWagner timely petitions this court for a writ of habeas corpus based upon a claim of ineffective assistance of appellate counsel for failure to raise a fundamental error in the jury instructions used in his criminal case. In response to our order to show cause, the State conceded that the error was fundamental. We agree and grant the petition.
 

 By way of background, VanWagner was charged with (1) robbery with a firearm and (2) kidnapping “with the intent to commit or facilitate the commission of robbery” in violation of section 787.01(l)(a), Florida Statutes (2004). Section
 
 *573
 
 787.01(l)(a) provides four separate and distinct acts, any one of which can be used to establish the intent element in kidnapping.
 
 [1]
 
 VanWagner was charged only with the intent to commit or facilitate commission of robbery which applies to subpart 2 under the definition of “kidnapping” in section 787.01(l)(a).
 

 At the close of the trial, the jury was instructed that kidnapping could be proved if VanWagner acted with intent to: (a) hold for ransom or reward or as a shield or hostage or (b) commit or facilitate commission of a robbery or (c) inflict bodily harm upon or to terrorize the victim or another person. This instruction went beyond what was listed in the charging document.
 

 Following trial, VanWagner was convicted of armed robbery with a firearm and armed kidnapping. In his petition, VanWagner argues that it was fundamental error to give the jury an instruction which provided alternative methods of committing the offense of armed kidnapping, consisting of different elements, which were not charged in the amended information. In
 
 Garzon v. State,
 
 939 So.2d 278, 287 (Fla. 4th DCA 2006),
 
 approved on other grounds,
 
 980 So.2d 1038 (Fla.2008), we held that: Instructing a jury on alternate intent elements, which have not been charged, is reversible error not subject to harmless error review.
 
 Id.
 
 at 287.
 

 Fundamental error occurs where a criminal statute contains two or more distinct methods of committing an offense, consisting of different elements, and a defendant is charged with one of the means, but the jury is instructed in a manner that permits conviction for another, uncharged mode of guilt.
 

 Accordingly, we grant VanWagner’s petition alleging ineffective assistance of appellate counsel, vacate petitioner’s kidnapping conviction and remand for a new trial on that count. We further direct the trial court to consider whether the outcome of VanWagner’s kidnapping charge necessitates resentencing on his armed robbery conviction, which has not been disturbed, and, if so, to resentence him accordingly.
 
 See Rogers v. State,
 
 935 So.2d 639, 640 (Fla. 1st DCA 2006).
 

 Petition granted.
 

 STEVENSON, TAYLOR and DAMOORGIAN, JJ., concur.
 

 [1]
 

 .The term
 
 "kidnapping "
 
 means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
 

 1. Hold for ransom or reward or as a shield or hostage.
 

 2. Commit or facilitate commission of any felony.
 

 3. Inflict bodily harm upon or to terrorize the victim or another person.
 

 4. Interfere with the performance of any governmental or political function.
 

 § 787.01(l)(a), Fla. Stat. (2004) (emphasis added).