PATTERSON, Judge.
The state appeals from an order dismissing two counts of attempted first-degree murder against Donald Lee. See Fla.R.App.P. 9.140(c)(1)(A). On cross-appeal, Lee contends that the trial court erred in denying his motion to dismiss two counts of shooting at, within, or into a vehicle. We hold that the state sufficiently alleged the attempted first-degree murder counts and that the denial of the shooting at, within, or into a vehicle counts was proper; therefore, we reverse on the main appeal and affirm on the cross-appeal.
The state charged Lee by amended information with attempted first-degree murder of Joanna Lee (count one) and Donald Fones (count two). The state also alleged that Lee shot at, within, or into a vehicle occupied by Joanna Lee (count three) and Donald Fones (count four). All counts allegedly occurred on December 5, 1991.
Lee filed a motion to dismiss the amended information. After a hearing on the motion, the trial court dismissed the attempted first-degree murder counts and denied the motion to dismiss with respect to the shooting into a vehicle counts. The state timely filed its notice of appeal from the dismissal of counts one and two, and Lee then filed his notice of *1222 cross-appeal as to the denial of his motion to dismiss counts three and four.
The state correctly contends that counts I and II charging attempted first-degree murder were sufficient to withstand Lee’s motion to dismiss. An information is sufficient if it tracks the statute, and the state need not present proof with which it intends to establish its case. See Martinez v. State, 368 So.2d 338, 340 (Fla.1979); State v. Harris, 439 So.2d 265, 270 (Fla. 2d DCA 1983), review denied, 450 So.2d 486 (Fla. 1984). Although it is not a model allegation, the state tracked the appropriate language when it alleged:
LEE ... did unlawfully and feloniously attempt to commit a felony upon one JOANNA WILSON LEE, to-wit: Murder in the First Degree, that is to say the unlawful killing of a human being when perpetrated from a premeditated design to effect the death of any human being, by shooting at JOANNA WILSON LEE with a firearm[.]
See §§ 777.04 and 782.04, Fla.Stat. (1991). Lee argues that the state must allege that he acted “with the intent to kill.” The allegation informs Lee that the crime he is charged with was “perpetrated from a premeditated design” to effect death. The information is not so “vague, indistinct, and indefinite as to mislead” Lee in the preparation of his defense or to subject him to double jeopardy. See Fla.R.Crim.P. 3.140(o). Accordingly, we reverse the dismissal of counts one and two of the amended information and remand for trial.
With respect to the cross-appeal, Lee first argues that the trial court should have dismissed counts three and four for shooting into a vehicle because the statute under which the state charged Lee, section 790.19, Florida Statutes (1991),[1] does not apply to a private passenger automobile and is void for vagueness. Contrary to Lee’s argument, we conclude that the ordinary citizen is put on notice that section 790.19 encompasses automobiles by the language “or vehicle of any kind which is being used or occupied by any person.” § 790.19, Fla.Stat. (1991).
Second, Lee contends that allowing counts three and four to stand subjects him to double jeopardy. Lee allegedly fired more than one shot at an automobile occupied by two people. During the hearing on the motion to dismiss, Lee argued to the trial court that the shooting was one act and that he could only be sentenced on one count. The trial court responded, “Well, we’ll worry about that at a later point.” We determine that the facts are not sufficiently developed to determine if the shooting was a single incident which would prohibit two convictions for shooting into a vehicle. Therefore, we affirm the denial of the motion to dismiss counts three and four for shooting at, within, or into a motor vehicle and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and BLUE, J., concur.

. Section 790.19, Florida Statutes (1991), provides:
790.19 Shooting into or throwing deadly missiles into dwellings, public or private buildings, occupied or not occupied; vessels, aircraft, buses, railroad cars, streetcars, or other vehicles. — Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private bus or any train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.