908 So.2d 1164 (2005)
Clayton EATON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3347.
District Court of Appeal of Florida, First District.
August 23, 2005.
*1165 Nancy A. Daniels, Public Defender; Janice G. Scott, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, appellant seeks review of one of two convictions for sexual battery on a child at least 12 years of age but less than 18 years of age by a person in a position of familial or custodial authority. He claims that the trial court committed fundamental error by instructing the jury that it could convict him of sexual battery by finding sexual union or penetration when the information alleged only sexual penetration. We agree. Accordingly, we are constrained to reverse the challenged conviction and remand for a new trial.
Appellant was charged with two counts of sexual battery on a child at least 12 years of age but less than 18 years of age by a person in a position of familial or custodial authority. The first count of the information, which is the subject of this appeal, alleged that appellant "engaged in sexual activity with the [victim] by penetration of [the victim]'s mouth by [his] penis. . . ." At trial, the court instructed, without objection, that the jury could find appellant guilty on the first count if it found that appellant "committed an act upon [the victim] in which the sexual organ of [appellant] penetrated or had union with the mouth of [the victim]" (emphasis added). The jury returned a verdict finding appellant guilty as charged as to that count. This appeal follows.
The law is well settled in Florida that where an offense can be committed in more than one way, the trial court commits fundamental error when it instructs the jury on an alternative theory not charged in the information. Vega v. State, 900 So.2d 572, 573 (Fla. 2d DCA 2004); Mitchell v. State, 888 So.2d 665, 667 (Fla. 1st DCA 2004), review denied, 902 So.2d 790 (Fla.2005); Hodges v. State, 878 So.2d 401, 402 (Fla. 4th DCA), review denied, 890 So.2d 1114 (Fla.2004); Griffis v. State, 848 So.2d 422, 427 (Fla. 1st DCA 2003); Dixon v. State, 823 So.2d 792, 794 (Fla. 2d DCA 2001); Braggs v. State, 789 So.2d 1151, 1153-54 (Fla. 3d DCA 2001); Taylor v. State, 760 So.2d 298, 299 (Fla. 4th DCA 2000); O'Bryan v. State, 692 So.2d 290, 290-91 (Fla. 1st DCA 1997). Based on this authority, we are constrained to conclude that the trial court committed fundamental error by instructing the jury on an alternative theory (sexual union) not charged in the first count of the information. Since the jury returned a general verdict of guilty as to that count, it is impossible to determine whether appellant was convicted of a charged or an uncharged offense. O'Bryan, 692 So.2d at 291. Accordingly, we reverse appellant's conviction as to the first count of the information *1166 and remand for a new trial on that count only.
REVERSED and REMANDED with directions.
WEBSTER, VAN NORTWICK and LEWIS, JJ., concur.