920 So.2d 169 (2006)
Dwayne Anthony DEBOSE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-0571.
District Court of Appeal of Florida, First District.
February 6, 2006.
Nancy A. Daniels, Public Defender, and G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant argues the trial court reversibly erred on two grounds. First, he argues the trial court fundamentally erred by instructing the jury on the alternate theory of aggravated battery on a law enforcement officer with a deadly weapon, when that crime was not charged. Second, Appellant argues the trial court abused its discretion by instructing the jury on justifiable use of non-deadly force, by including portions of the "aggressor" instruction, thus negating Appellant's only defense.
We conclude the trial court properly included the applicable portions of the "aggressor" instruction, and affirm this ground without further comment. However, we are compelled to reverse Appellant's conviction for aggravated battery on a law enforcement officer, and remand for a new trial.
There are four ways to commit aggravated battery. The State charged three, but the trial court instructed the jury on all four. "[W]here an offense can be committed in more than one way, the trial court commits fundamental error when it instructs the jury on an alternative theory not charged in the information" and the jury returns a general verdict of guilt without specifying the basis for the conviction. Eaton v. State, 908 So.2d 1164, 1165 (Fla. 1st DCA 2005) (finding fundamental error where jury instructed on alternate theory not charged in the information); Vega v. State, 900 So.2d 572, 573 (Fla. 2d *170 DCA 2004) (finding fundamental error where jury instructed on alternate theory for battery on law enforcement officer, where alternate theory was not charged); Braggs v. State, 789 So.2d 1151, 1154 (Fla. 3d DCA 2001) (finding fundamental error where jury instructed on alternate theory not charged in the information).
Here, the jury was instructed on battery on a law enforcement officer by use of a deadly weapon, an alternate theory not charged in the information. Since the jury returned a general verdict of guilty as to that count, it is impossible to determine whether Appellant was convicted of a charged or uncharged offense. Because the trial court fundamentally erred by instructing the jury on the element of aggravated battery by use of a deadly weapon, where that element was not charged, we reverse and remand for a new trial on the offense of aggravated battery on a law enforcement officer. The judgment and sentence is affirmed in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, WOLF, and HAWKES, JJ., concur.