935 So.2d 639 (2006)
Isaac ROGERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D06-1455.
District Court of Appeal of Florida, First District.
August 15, 2006.
Isaac Rogers, pro se, Petitioner.
Charlie Crist, Attorney General, and Elizabeth Duffy, Assistant Attorney General, Tallahassee, for Respondent.
*640 PER CURIAM.
Isaac Rogers presents a timely claim of ineffective assistance of appellate counsel. We agree that petitioner's appellate counsel was ineffective for failing to raise an issue of fundamental error in the jury instructions, and therefore grant the petition.
Among other offenses, Rogers was charged with armed kidnapping. Kidnapping is defined in section 787.01(1)(a), Florida Statutes (2003), as follows:
The term kidnapping means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
The amended information alleged that Rogers committed the kidnapping offense with the intent to commit robbery and/or carjacking, but the jury was instructed on all four of the alternate intent elements set forth in the statute, and thereafter returned a general verdict finding Rogers guilty of armed kidnapping. By instructing the jury on alternate intent elements that were not alleged in the amended information, the trial court committed fundamental error. See, e.g., Debose v. State, 920 So.2d 169 (Fla. 1st DCA 2006); Eaton v. State, 908 So.2d 1164 (Fla. 1st DCA 2005); Braggs v. State, 789 So.2d 1151 (Fla. 3d DCA 2001). Despite the absence of an objection at trial, petitioner's appellate counsel was ineffective for failing to raise this issue on appeal. See Hodges v. State, 878 So.2d 401 (Fla. 4th DCA 2004).
Accordingly, we grant the petition alleging ineffective assistance of appellate counsel, vacate petitioner's armed kidnapping conviction, and remand for a new trial on that count. We further direct the trial court to consider on remand whether the outcome of the kidnapping charge necessitates resentencing on the other offense for which petitioner was convicted, and if so, to resentence petitioner accordingly.
KAHN, C.J., BARFIELD and ALLEN, JJ., concur.