940 So.2d 537 (2006)
John D. COGBILL, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D06-3504.
District Court of Appeal of Florida, First District.
October 26, 2006.
*538 John D. Cogbill, pro se, Petitioner.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
John D. Cogbill presents a timely claim of ineffective assistance of appellate counsel. We disagree with Cogbill's contention that his appellate counsel overlooked an issue of fundamental error in the jury instructions, and therefore deny the petition.
Law enforcement officers went to Cogbill's residence to serve an arrest warrant for delinquent child support. The officers knocked on the garage door and Cogbill answered, walked past the officers, placed his hands behind his back, and said, "Well, let's go. My life is over." Through the open doorway, the officers smelled fumes and observed objects that led them to suspect that the premises contained a meth lab. A subsequent search of the garage and adjoining living area conducted pursuant to a search warrant led to the discovery of bottles of pseudoephedrine and other substances, objects, and devices commonly used in the production of methamphetamine. Among the objects were a number of Mason jars containing liquids that were believed to include methamphetamine oil. Cogbill's fingerprints were found on the bottom of one of the Mason jars, and testing revealed methamphetamine in one of the samples seized from the scene.
Cogbill was charged by amended information with trafficking in methamphetamine and possession of paraphernalia. As to the trafficking charge, the amended information alleged the following:
JOHN D. COGBILL, on or about the 23rd day of July, 2003, in the County and State aforesaid, did unlawfully and knowingly be in actual or constructive possession of 28 grams or more of methamphetamine or any mixture containing methamphetamine or ephedrine in conjunction with other chemicals and equipment utilized in the manufacture of methamphetamine, in violation of Section 893.135(f)1b [sic], Florida Statutes.
Although the amended information charged Cogbill only with trafficking by actual or constructive possession, the jury was instructed, without objection, that it could find him guilty if the evidence established that he "knowingly manufactured or possessed" methamphetamine or a mixture containing methamphetamine. In addition, the state argued, again without objection, that the jury could return a guilty verdict upon a finding that Cogbill engaged in either possession or manufacture. The jury subsequently returned a verdict finding Cogbill guilty of the trafficking offense as charged.
*539 In his present petition, Cogbill argues that his appellate counsel was ineffective for failing to argue that fundamental error occurred when the jury was instructed on an uncharged alternate form of conduct constituting the offense of trafficking, specifically the "manufacture" of methamphetamine. He relies in this regard on a line of cases generally holding that where an offense can be committed in more than one way, instructing the jury on an alternate theory not charged in the information constitutes fundamental error. See, e.g., Eaton v. State, 908 So.2d 1164 (Fla. 1st DCA 2005); Griffis v. State, 848 So.2d 422 (Fla. 1st DCA 2003). He further relies on authorities holding that despite the absence of a timely objection by trial counsel, appellate counsel will be deemed ineffective for failing to raise an issue of this sort. See Rogers v. State, 935 So.2d 639 (Fla. 1st DCA 2006); Hodges v. State, 878 So.2d 401 (Fla. 4th DCA 2004).
In relevant part, section 893.135(1)(f) defines trafficking in amphetamine as follows:
(f) 1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 14 grams or more of amphetamine, .. . or methamphetamine, . . . any mixture containing amphetamine or methamphetamine, or phenylacetone, phenylacetic acid, pseudoephedrine or ephedrine in conjunction with other chemicals and equipment utilized in the manufacture of amphetamine or methamphetamine, commits a felony of the first degree, which felony shall be known as "trafficking in amphetamine," punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The statute sets forth a number of alternate forms of conduct, any of which constitute the proscribed offense. Among these are the "manufacture" of the prohibited substances, or the "actual or constructive possession" of those substances. In addition to instructions defining actual or constructive possession, the jury in this case was also provided the following definition of "manufacture":
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin or independently by means of chemical synthesis. It can also be made by a combination of extraction and chemical synthesis.
Although it is undisputed that Cogbill was not charged with trafficking by manufacture, we conclude that instructing the jury that he could be convicted upon proof of either actual or constructive possession or manufacture, as that term was defined for the jury, did not constitute fundamental error. In Debose v. State, 920 So.2d 169 (Fla. 1st DCA 2006), we reiterated the general rule that where an offense can be committed in more than one way, fundamental error occurs when the jury is instructed on an alternate theory not charged in the information and returns a general verdict of guilt without specifying the basis for the conviction. In our view, such an error is fundamental in nature because under a general verdict, it is in most cases "impossible to determine whether [the defendant] was convicted of a charged or uncharged offense." Id. at 170; see also Eaton v. State, 908 So.2d 1164, 1165 (Fla. 1st DCA 2005)("[s]ince the jury returned a general verdict of guilty ... it is impossible to determine whether appellant was convicted of a charged or an uncharged offense"); Vega v. State, 900 So.2d 572, 573 (Fla. 2d DCA 2004)("[a]s *540 the State rightly concedes, this error is fundamental because the jury returned a general verdict of guilt without specifying the basis for the conviction, making it impossible to know whether Vega was convicted of the form of battery with which he was charged rather than the form with which he was not charged.").
In this instance, however, it is entirely possible to conclude that Cogbill was not convicted of an uncharged crime. Certainly, one may possess a prohibited substance without engaging in the act of manufacture. Thus, had Cogbill been charged only with trafficking by manufacture, the inclusion of instructions allowing a finding of guilt based on mere possession would be fundamental error. On the other hand, we can conceive of no circumstance, particularly under the facts of this case, whereby one could engage in the act of manufacture, as that term was defined, without also being in actual or constructive possession of the prohibited substance. Thus, since the acts constituting manufacture are wholly subsumed within the more broadly defined circumstances constituting actual or constructive possession, it can be determined with certainty that instructing the jury on the uncharged alternative of manufacture did not result in a circumstance in which Cogbill was at risk of being convicted of an uncharged crime.
We therefore conclude that any error in this regard was not fundamental in nature. Alleged errors in jury instructions are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. See State v. Delva, 575 So.2d 643 (Fla.1991). In light of our conclusion that the instructions in this case were not fundamentally erroneous and the fact that no objection to those instructions was raised at trial, any alleged error was not preserved for appellate review. Appellate counsel is not ineffective in failing to raise an issue which is not properly preserved. See McKinney v. Wainwright, 458 So.2d 1149 (Fla. 1st DCA 1984). Accordingly, we deny the petition alleging ineffective assistance of appellate counsel.
PETITION DENIED.
KAHN, BENTON, and LEWIS, JJ., concur.