975 So.2d 498 (2007)
Octavia WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3522.
District Court of Appeal of Florida, Second District.
July 27, 2007.
*499 James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Octavia Wright appeals her conviction for trafficking in cocaine. We reverse.
The offense of trafficking in cocaine is defined in section 893.135(1)(b)(1), Florida Statutes (2004). There are three elements of the offense which are met when an individual (1) knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, (2) cocaine or any mixture containing cocaine, (3) in the amount of 28 grams or more, but less than 150 kilograms.
In the present case, Wright was charged by an amended information with "unlawfully and knowingly, traffic[king] in cocaine, by selling, delivering, or actually or constructively possessing 200 grams or more of cocaine." She was not charged with trafficking by knowingly purchasing, manufacturing, or bringing cocaine into the state. However, without objection, the jury was instructed that it should convict Wright of trafficking if she "knowingly sold, purchased, manufactured, delivered or brought into Florida or possessed a certain substance [cocaine]." (Emphasis added.) The jury returned a general verdict of guilty as to the charged offense making it impossible to determine what manner of trafficking was found to have been used by Wright.
It is well settled that jury instructions are subject to the contemporaneous objection rule, and absent an objection at trial, any alleged error can be raised on appeal only if fundamental error has occurred. Reed v. State, 837 So.2d 366, 370 (Fla.2002). In State v. Weaver, 957 So.2d 586 (Fla.2007), the supreme court quoted State v. Delva, 575 So.2d 643, 644-45 (Fla. 1991), to articulate the proper standard for determining whether a defective jury instruction rises to the level of fundamental error:
To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
Weaver, 957 So.2d at 588 (citations omitted). The supreme court noted that when the jury instruction erroneously omits an element of an offense or erroneously includes an element of the offense, it will be held to be fundamental error if there is a dispute concerning that specific element at trial. Weaver, 957 So.2d at 588-89. However, the erroneous inclusion of an element that the State concedes does not apply, and concerning which it presents no evidence, is not pertinent or material to what the jury must consider in order to convict. Id. (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)).
In the present case, although no evidence was presented and the State did not argue that Wright purchased or manufactured the cocaine, it repeatedly argued that Wright brought the cocaine into the State of Florida. The State asserted that Wright was a principal in the trafficking offense because she arranged for the package containing the cocaine to be sent from Jamaica to Florida. Further, it presented testimony that Wright was to be paid $400 *500 by a third party for having the cocaine brought into the state.
The defense countered that Wright was not responsible for bringing the cocaine into Florida. Testimony was elicited that Wright did not physically bring the cocaine to Florida from Jamaica, but it was shipped by another individual from that country using a mail delivery service. Also, a witness testified that Wright told her that the package from Jamaica contained an illegal cellular phone. Wright never mentioned the cocaine to this witness.
During the charge conference, the defense requested and was granted a jury instruction on the lesser-included offense of bringing cocaine into the state. § 893.13(5). In closing, the defense informed the jury that it would be asked to consider whether Wright was guilty of this lesser-included offense. The defense then cautioned the jury that the evidence did not support a conviction for that lesser-included offense because there could be no showing that Wright had knowledge that cocaine was in the package which was sent from Jamaica to Florida.
As demonstrated by the foregoing, the issue of whether Wright was guilty of trafficking by bringing cocaine into the State of Florida was disputed. Fundamental error was committed when the jury was given an instruction defining trafficking which included this manner of committing the offense for which Wright had not been charged. We reverse the judgment and sentence and remand for a new trial.
Reversed and remanded for further proceedings.
WHATLEY and WALLACE, JJ., Concur.