VILLANTI, Judge.
Marcus Lee Burson appeals his conviction and sentence for one count of trafficking in oxycodone, arguing that he is entitled to a new trial because the jury was improperly instructed on theories of guilt not charged in the information. We agree, and we reverse Burson’s conviction and sentence and remand for a new trial.
The evidence at trial showed that Bur-son was contacted by a confidential informant, one John Vahn, who asked whether Burson could supply him with a quantity of oxycodone. Burson allegedly agreed and arranged to meet Vahn at the Gulf Coast Pharmacy.
Vahn went to the pharmacy at the agreed time in the company of an undercover police officer, and they waited in an unmarked car for Burson to arrive. Bur-son soon rode up on his bicycle. Burson briefly got into the unmarked car with Vahn and the undercover officer, but he refused to accept cash from the officer. Instead, Burson got out of the car without the cash and went into the pharmacy. Shortly thereafter, he called Vahn and asked Vahn to come inside. Once inside, Vahn handed Burson the cash that had been supplied by the undercover officer. Burson took the cash, “went up to the pharmacy window, gave up the money, came back, sat down, [and] they called his name with the pills when they were ready.” Burson and Vahn then went back outside, where Burson handed Vahn some — but not all — of the pills he had purchased at the pharmacy. Burson then rode away on his bicycle.
Burson was arrested shortly thereafter, and the State charged him with one count of trafficking by sale of a controlled substance and one count of possession of a controlled substance. The State subsequently dismissed the possession charge after Burson established that he had a valid prescription for the oxycodone. Thus, the sole question before the jury was whether Burson was guilty of trafficking by sale of a controlled substance.
Despite the fact that the sole charge was trafficking by sale, the State argued to the jury that it could find Burson guilty if the State proved that Burson “knowingly possessed, purchased, sold or delivered ” oxy-codone. In summarizing the transaction inside the pharmacy, the State argued that the evidence established that Burson “knowingly possessed, purchased or sold” oxycodone and that any of these acts were sufficient to support the trafficking charge. At the conclusion of the case, the trial court instructed the jury that it could find Burson guilty if it found that he “knowingly possessed, purchased, sold, or delivered” oxycodone. Burson did not object to this instruction, and the jury subsequently found Burson guilty “as charged” on a general verdict form.
In this appeal, Burson argues that he is entitled to a new trial because the trial court instructed the jury on several uncharged theories of guilt. He asserts that fundamental error occurred because it is impossible to determine from the general *716 verdict form whether the jury convicted him based on one of these uncharged theories. On the facts presented here, the improper instructions constituted fundamental error, and we reverse and remand for a new trial.
This court set forth the law concerning errors in jury instructions in Wright v. State, 975 So.2d 498, 499 (Fla. 2d DCA 2007):
It is well settled that jury instructions are subject to the contemporaneous objection rule, and absent an objection at trial, any alleged error can be raised on appeal only if fundamental error has occurred. Reed v. State, 837 So.2d 366, 370 (Fla.2002). In State v. Weaver, 957 So.2d 586 (Fla.2007), the supreme court quoted State v. Delva, 575 So.2d 643, 644-45 (Fla.1991), to articulate the proper standard for determining whether a defective jury instruction rises to the level of fundamental error:
To justify not imposing the contemporaneous objection rule, “the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” In other words, “fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.” Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
Weaver, 957 So.2d at 588 (citations omitted). The supreme court noted that when the jury instruction erroneously omits an element of an offense or erroneously includes an element of the offense, it will be held to be fundamental error if there is a dispute concerning that specific element at trial. Weaver, 957 So.2d at 588-89. However, the erroneous inclusion of an element that the State concedes does not apply, and concerning which it presents no evidence, is not pertinent or material to what the jury must consider in order to convict. Id. (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)).
(Emphasis added.)
In Wright, the State charged Wright with “unlawfully and knowingly, traf-fie[king] in cocaine, by selling, delivering, or actually or constructively possessing 200 grams or more of cocaine.” Id. at 499. During trial, the State presented evidence of the conduct with which Wright was charged, as well as evidence that Wright participated in bringing the cocaine into Florida by having it shipped to Florida from Jamaica. Id. In response to that evidence, Wright argued that she did not know what was in the package that was shipped from Jamaica. Id. at 500. At the conclusion of the trial, despite the methods of trafficking charged in the information, the court instructed the jury that it could find Wright guilty of trafficking if it found that she “knowingly sold, purchased, manufactured, delivered or brought into Florida or possessed a certain substance [cocaine].” Id. at 499. The jury found Wright guilty of trafficking on a general verdict form, and she appealed. Id. This court reversed, stating:
As demonstrated by the foregoing, the issue of whether Wright was guilty of trafficking by bringing cocaine into the State of Florida was disputed. Fundamental error was committed when the jury was given an instruction defining trafficking which included this manner of committing the offense for which Wright had not been charged.
Id. at 500. This court thus remanded the case for a new trial.
*717 The factual underpinnings of this case are quite similar to those in Wright. As in Wright, the State in this case presented evidence of both charged and uncharged methods of committing trafficking, and it argued that any of those methods could be used to find Burson guilty. The trial court also instructed the jury that it could find Burson guilty if the State had established any of the charged or uncharged methods. As in Wright, this instruction constituted fundamental error because it defined trafficking to include methods of commission with which Burson was not charged and which could not legally support a trafficking conviction since Burson had a valid prescription for oxycodone. This erroneous instruction requires us to reverse Bur-son’s conviction and remand for a new trial.
In this appeal, the State argues that any error in the instruction was not fundamental because the uncharged methods of committing the trafficking offense were subsumed within the charged method, relying on Cogbill v. State, 940 So.2d 537 (Fla. 1st DCA 2006). However, the facts in Coghill are distinguishable from those presented here. Cogbill was charged with trafficking in methamphetamine only by possession even though there was evidence that he was also manufacturing the substance in his home. Id. at 588. At trial, the State presented evidence of both possession and manufacture, and the trial court instructed the jury that it could find Cogbill guilty if it found that he had either manufactured or possessed the methamphetamine. Id. In finding that the jury instructions were not fundamentally erroneous, the First District noted:
[Sjince the acts constituting manufacture are wholly subsumed within the more broadly defined circumstances constituting actual or constructive possession, it can be determined with certainty that instructing the jury on the uncharged alternative of manufacture did not result in a circumstance in which Cogbill was at risk of being convicted of an uncharged crime.
Id. at 540. Essentially, the First District concluded that the evidence could not establish manufacture (the uncharged method) without also establishing possession (the charged method).
Here, the evidence established just the opposite. There is no question that Bur-son purchased the oxycodone from the pharmacy and thereafter possessed it. There is also no question that Burson could legally do so since he had a valid prescription for the oxycodone. However, Burson’s legal purchase and possession of the oxycodone could occur regardless of whether he consummated the illegal sale to Vahn. Thus, unlike in Cogbill, the evidence in this case could establish purchase and possession (the uncharged methods) without also establishing sale (the charged method), and Burson was at risk of being convicted of trafficking based on the uncharged conduct of purchase or possession-conduct which, as even conceded by the State, was not illegal due to Burson having a valid prescription for the drug. Moreover, the use of a general verdict form makes it impossible for this court to determine whether Burson was convicted based on the charged or uncharged conduct. Accordingly, unlike the error in Cogbill, the error in this case constituted fundamental error that requires reversal for a new trial.
Reversed and remanded for a new trial.
SILBERMAN, C.J., and CRENSHAW, J., Concur.