NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HEIDI WUNSCH,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No.    2D10-3121
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed November 7, 2014.

Appeal from the Circuit Court for Charlotte
County; Alane C. Laboda, Judge.

Howard L. Dimmig, II, Public Defender, and
Dane K. Chase, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

          Heidi Wunsch challenges her judgment and sentence for child neglect with

great bodily harm after a jury trial.  She argues that the trial court committed

fundamental error by instructing the jury that it could convict her of child neglect based

on an uncharged theory of guilt.  We agree.  Accordingly, we reverse Ms. Wunsch's

judgment and sentence for child neglect with great bodily harm and remand for a new

trial on that charge.[1]

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

Section 827.03(3), Florida Statutes (2007), defines "neglect of a child" and

sets forth the offenses arising out of such conduct as follows:

> (3)(a) "Neglect of a child" means:
>
> 1. <u>A caregiver's failure or omission to provide a child with the care, supervision, and services necessary to maintain the child's physical and mental health</u>, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child; <u>or</u>
>
> 2. <u>A caregiver's failure to make a reasonable effort to protect a child from abuse, neglect, or exploitation by another person</u>.
>
> Neglect of a child may be based on repeated conduct or on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.
>
> (b) A person who willfully or by culpable negligence neglects a child and in so doing <u>causes great bodily harm, permanent disability, or permanent disfigurement to the child</u> commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
>
> (c) A person who willfully or by culpable negligence neglects a child <u>without causing great bodily harm, permanent</u>

---

[1]The State charged Ms. Wunsch in a four-count information with aggravated child abuse (count I), child abuse (count II), child neglect with great bodily harm (count III), and child neglect (count IV). The jury convicted Ms. Wunsch of child abuse on count I, a lesser-included offense, and on counts II, III, and IV as charged. After the jury returned its verdict, the State dismissed the charges in counts II and IV of the information as duplicative of the offenses charged in counts I and III. On appeal, Ms. Wunsch does not challenge her conviction for child abuse; we affirm her judgment and sentence for that offense.

> disability, or permanent disfigurement to the child commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(Emphasis added.) Accordingly, section 827.03(3) provides two alternative theories under which a caregiver may commit child neglect: (1) by failing to provide for a child's needs to maintain the child's physical and mental health or (2) by failing to reasonably protect a child from abuse, neglect, or exploitation by another person. And when such neglect "causes great bodily harm, permanent disability, or permanent disfigurement to the child," the offense increases from a third-degree felony to a second-degree felony.

Here, the State charged that Ms. Wunsch committed child neglect with great bodily harm in count III of the information, alleging that

> [b]etween January 01, 2008 and January 09, 2008 in Charlotte County, Florida, [Ms. Wunsch] did unlawfully and willfully, or by culpable negligence, did knowingly or by culpable negligence, inflict or permit the infliction of physical or mental injury to said child, to wit: J.C. DOB: 6-21-2004 and in so doing caused great bodily harm, permanent disability, or permanent disfigurement to said child, contrary to Florida Statute[s][, section] 827.03(3).

(Emphasis added.) Thus the State only charged Ms. Wunsch with the failure to protect J.C. from abuse by another person under section 827.03(3)(a)(2), which resulted in great bodily harm. It did not charge her with failure to provide services necessary for J.C.'s physical or mental health under section 827.03(3)(a)(1).

However, the trial court instructed the jury only that it could find Ms. Wunsch guilty of child neglect owing to her failure to provide for J.C.'s needs, an uncharged theory of the offense. The trial court instructed the jury, without objection, as follows:

> To prove the crime of neglect of a child with great bodily harm the State must prove the following four elements beyond a reasonable doubt. 1) Heidi Wunsch willfully or by culpable negligence <u>failed or omitted to provide [J.C.] with the care, supervision and services necessary to maintain [J.C.'s] physical or mental health</u>. 2) In so doing Heidi Wunsch caused great bodily harm to [J.C.] 3) Heidi Wunsch was a caregiver for [J.C.] 4) [J.C.] was under the age of 18 years.

(Emphasis added.) The trial court did not instruct the jury that it could find Ms. Wunsch guilty of child neglect with great bodily harm owing to the conduct actually charged, i.e., her alleged failure to protect J.C. from abuse by others.

## II. DISCUSSION

Generally, jury instructions are subject to the contemporaneous objection rule, and absent a timely objection to an erroneous instruction at trial, an error may be raised on direct appeal only if it is fundamental. <u>Wright v. State</u>, 975 So. 2d 498, 499 (Fla. 2d DCA 2007). But " 'where an offense can be committed in more than one way, the trial court commits fundamental error when it instructs the jury on an alternative theory not charged in the information' and the jury returns a general verdict of guilty without specifying the basis for the conviction." <u>Beasley v. State</u>, 971 So. 2d 228, 229 (Fla. 4th DCA 2008) (quoting <u>Eaton v. State</u>, 908 So. 2d 1164, 1165 (Fla. 1st DCA 2005)). More specifically, "it is fundamental error to instruct the jury on an uncharged alternate theory of a particular offense when it is impossible to ascertain whether the jury convicted the defendant of the uncharged theory rather than the charged theory." <u>Sanders v. State</u>, 959 So. 2d 1232, 1234 (Fla. 2d DCA 2007). This type of error rises to the level of fundamental error because "it is a due process violation to convict a

- 4 -

defendant of a crime with which he was not charged." Brown v. State, 41 So. 3d 259, 262 (Fla. 4th DCA 2010).

On the other hand, when there is neither evidence nor argument on the uncharged theory of the offense

> it [is] not impossible to know whether the defendant was convicted of the charged theory of the offense or the uncharged theory. . . . "[I]n such cases, the jury's verdict is based not on elements that were never at issue, but on the elements on which the State actually presented evidence, on which the State based its arguments, and which the defendant contested at trial."

Sanders, 959 So. 2d at 1234 (quoting State v. Weaver, 957 So. 2d 586, 589 (Fla. 2007)). Under these contrasting circumstances, there is no fundamental error.

We conclude that the erroneous instruction in this case constituted fundamental error because the jury could not have found Ms. Wunsch guilty under the theory of child neglect charged in the information unless it disregarded the trial court's jury instruction that it must find that she "failed or omitted to provide [J.C.] with the care, supervision and services necessary to maintain [J.C.'s] physical or mental health." See Spagnolo v. State, 116 So. 3d 599, 604 (Fla. 5th DCA 2013) (holding that fundamental error occurred when "[t]he information only charged Petitioner with third-degree murder while engaging in child abuse by inflicting 'force trauma,' yet, the jury was only instructed on the underlying felony of child neglect" as the basis for the third-degree murder charge). The only option available to the jury for convicting Ms. Wunsch of child neglect with great bodily harm under the erroneous jury instruction was on the ground of an uncharged theory of guilt.

Moreover, with respect to the offense of child neglect with great bodily harm, the State argued to the jury, in part, that the evidence proved that Ms. Wunsch committed this offense by "fail[ing] or omitt[ing] to provide [J.C.] with the care, supervision and services necessary to maintain his physical and mental well[-]being." The prosecutor argued that when J.C. allegedly fell off of a motorcycle, Ms. Wunsch failed to provide the care necessary to maintain his physical well-being because she only took him to see a nurse friend, instead of to a hospital or to a doctor.[2] Thus the prosecutor told the jury that Ms. Wunsch could be convicted of child neglect with great bodily harm based upon an uncharged theory of that offense.

### III. CONCLUSION

Because the trial court instructed the jury only that it could convict Ms. Wunsch of child neglect with great bodily harm based upon an uncharged theory of that offense, and because the State argued that the evidence supported a conviction under the uncharged theory, fundamental error occurred regarding Ms. Wunsch's conviction for the offense of child neglect with great bodily harm. Accordingly, we affirm Ms. Wunsch's judgment and sentence for child abuse, reverse her judgment and sentence for child neglect with great bodily harm, and remand for a new trial on that offense.

Affirmed in part, reversed in part, and remanded.

DAVIS, C.J., and RAIDEN, MICHAEL E., Associate Judge, Concur.

---

[2]The prosecutor also argued that Ms. Wunsch committed child neglect with great bodily harm because she failed to protect J.C. from physical abuse by her live-in boyfriend. However, the prosecutor emphatically maintained that Ms. Wunsch had inflicted the injuries on J.C., not her boyfriend.