NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| HERBERT REESE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D18-916 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed October 30, 2019.

Appeal from the Circuit Court for
Hillsborough County; Christopher C. Nash,
Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Peter N. Koclanes,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.


We have jurisdiction over Herbert Reese's appeal of his judgment and

sentences for delivery of cannabis within 1000 feet of a school and for possession of

cannabis. See Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(A), (F). Because of the

abbreviated manner in which the State charged him, Mr. Reese has demonstrated

fundamental error on the delivery charge. Thus, we reverse as to that alleged offense.

## Background

The State charged Mr. Reese with delivery of cannabis within 1000 feet of

a school (count 1), delivery of cannabis (count 2), and possession of cannabis (count 3).

The State nolle prossed count 2 and proceeded to trial on the remaining counts.

As to count 1, the amended information alleged that Mr. Reese violated

section 893.13, Florida Statutes (2017), by "knowingly and unlawfully deliver[ing] or

attempt[ing] to deliver . . . Cannabis . . . in, on, or within 1000 feet of the real property

comprising a[n] . . . elementary, middle or secondary school." Critically, the sole

manner in which Mr. Reese allegedly committed the offense was by delivering or

attempting to deliver cannabis. Count 3 of the amended information alleged that Mr.

Reese "knowingly and unlawfully possess[ed] not more than twenty (20) grams of . . .

Cannabis."

At trial, the State called a confidential informant. She testified that she

conducted a "pending buy" for law enforcement. The informant explained that "I'll walk

up to a group of people" and arrange a drug purchase. "I . . . just obtain the drugs. You

know, I go get it and I make contact . . . and I just bring the product back" to her law

enforcement handler.

She then explained and narrated a video recording of the drug transaction.

Specifically, the informant testified that she approached a man, asking him "where I can

get some loud from."[1] She gave the man twenty dollars "and asked for $10 worth of

---

[1]The informant testified that "loud" is slang for cannabis.

loud." The man then approached another man sitting inside a vehicle and "gave the guy in the car the 20-dollar bill. And the guy [in the car] gave him the loud and the ten-dollar bill. And he handed it back to me."

The informant never spoke with the man in the vehicle. However, she saw his face; she identified Mr. Reese in court as that man. A law enforcement officer later arrested Mr. Reese.

In closing, the State asserted as follows:

> Now, when you go back to deliberate – before you do, the Judge will give you a set of instructions. And in those instructions will contain the elements of the crimes of which the defendant is charged with. Again, he's charged with the delivery of cannabis within 1,000 feet of a school and possession of cannabis.
>
> . . . .
>
> So with regards to the elements of delivery of cannabis, there are only four elements which the State must prove. No. 1, Herbert Reese, the defendant, sold, delivered, or possessed with intent to sell or deliver a certain substance. That substance being cannabis.
>
> . . . .
>
> Okay. So Members of the Jury, where does that leave you with? You've got four elements. Of the four elements, two you can automatically check off and say the State has proven beyond a reasonable doubt. So that leaves element one and four. That the defendant sold, delivered, possessed with intent to sell or deliver a certain substance. And that the defendant had knowledge.

(Emphasis added.) Following closing arguments, the trial court instructed the jury. As to count 1, the trial court stated as follows:

> Delivery of Cannabis within 1,000 feet of a School. To prove the crime of Delivery of Cannabis within 1,000 feet of a School, the State must prove the following four elements beyond a reasonable doubt:
>
> 1.  Herbert Reese sold, delivered or possessed with intent to sell or deliver a certain substance.

- 3 -

2. The sale, delivery or possession with intent to sell or deliver took place in or within 1,000 feet of the real property comprising a public or private elementary school between the hours of 6 o'clock a.m. and 12 o'clock midnight.

3. The substance was cannabis.

4. Herbert Reese had knowledge of the presence of the substance.

(Emphasis added.)

Mr. Reese did not object to the instructions. The jury returned a guilty-as-charged verdict. Thereafter, the trial court sentenced Mr. Reese to 48.3 months' imprisonment on count 1 and time served on count 2.

Mr. Reese maintains that for count 1, the State never charged him under either the "sale of cannabis" theory or the "possession with intent to sell or deliver cannabis" theory. Rather, the amended information simply alleged that he "did knowingly and unlawfully deliver or attempt to deliver . . . Cannabis . . . ." Mr. Reese now complains that the trial court improperly instructed the jury on an uncharged theory of the offense in count 1. He asserts further that the general verdict form made it "impossible to tell . . . whether the jury convicted him based on one of these uncharged theories."

## Analysis

Mr. Reese did not object to the jury instructions. To preserve an error for review, "a litigant must make a timely, contemporaneous objection." Elwell v. State, 954 So. 2d 104, 106 (Fla. 2d DCA 2007) (quoting Harrell v. State, 894 So. 2d 935, 940 (Fla. 2005)); see also Fla. R. Crim. P. 3.390(d) ("No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to

consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.").  Thus, Mr. Reese must establish fundamental error.  See Wunsch v. State, 150 So. 3d 869, 871 (Fla. 2d DCA 2014) ("Generally, jury instructions are subject to the contemporaneous objection rule, and absent a timely objection to an erroneous instruction at trial, an error may be raised on direct appeal only if it is fundamental.").

A "fundamental error" is an "error that reaches down into the validity of the trial itself to the extent that a verdict of guilty . . . could not have been obtained without the assistance of the alleged error."  Card v. State, 803 So. 2d 613, 622 (Fla. 2001).  "[W]hen the jury instruction . . . erroneously includes an element of the offense, it will be held to be fundamental error if there is a dispute concerning that specific element at trial."  Burson v. State, 102 So. 3d 714, 716 (Fla. 2d DCA 2012) (citing State v. Weaver, 957 So. 2d 586, 588-89 (Fla. 2007)).  Mr. Reese has met this burden.

The fundamental error doctrine is rooted in due process.  See Jaimes v. State, 51 So. 3d 445, 448 (Fla. 2010) ("[T]he doctrine of fundamental error applies when an error has affected the proceedings to such an extent it equates to a violation of the defendant's right to due process of law."); Ray v. State, 403 So. 2d 956, 960 (Fla. 1981) ("[F]or error to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process.").  "It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."  Cole v. Arkansas, 333 U.S. 196, 201 (1948).

"Due process . . . requires the State to allege every essential element when charging a violation of law to provide the accused with sufficient notice of the

allegations against him. There is a denial of due process when there is a conviction on a charge not made in the information . . . ." Price v. State, 995 So. 2d 401, 404 (Fla. 2008) (citations omitted). Moreover, as relevant here, "where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment. . . . [I]f one of the state of facts is alleged, it cannot be established by proof of the other." Long v. State, 92 So. 2d 259, 260 (Fla. 1957); see also Eaton v. State, 908 So. 2d 1164, 1165 (Fla. 1st DCA 2005) ("The law is well settled in Florida that where an offense can be committed in more than one way, the trial court commits fundamental error when it instructs the jury on an alternative theory not charged in the information." (citations omitted)).

Section 893.13(1)(c) provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of . . . a public or private elementary . . . school between the hours of 6 a.m. and 12 midnight." Therefore, an individual may run afoul of the statute in various ways. The State charged Mr. Reese in count 1 with "deliver[y] or attempted . . . deliver[y of] Cannabis." Despite this limited charge, the trial court instructed the jury that it could convict Mr. Reese on count 1 if it found that he "sold, delivered, or possessed with intent to sell or deliver" cannabis. This was error.

But, furnishing the jury with an instruction on an uncharged theory is not necessarily fundamental error. See Jaimes, 51 So. 3d at 450. That is, "the erroneous inclusion of an element that the State concedes does not apply, and concerning which it presents no evidence, is not 'pertinent or material to what the jury must consider in order to convict.' " Weaver, 957 So. 2d at 589 (quoting State v. Delva, 575 So. 2d 643, 645 (Fla. 1991)). Compare Jaimes, 51 So. 3d at 449, 451 (holding that trial court

- 6 -

committed fundamental error in instructing jury on great bodily harm theory of aggravated battery where information charged only deadly weapon theory of aggravated battery and jury returned special verdict finding defendant guilty of the uncharged great bodily harm theory), with Weaver, 957 So. 2d at 589 (declining to find fundamental error where jury was instructed on uncharged theory of aggravated battery as well as charged theory and where jury returned a general verdict but no evidence was presented on the uncharged theory, thereby indicating that the uncharged theory was not in dispute and was not the basis for jury's verdict). In such a case, the "error does not 'reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.' " Weaver, 957 So. 2d at 589 (quoting Delva, 575 So. 2d at 645).

A critical consideration, therefore, is whether the State presented evidence and argument that could have permitted the jury to convict on an uncharged theory of the offense. See, e.g., Ortiz v. State, 192 So. 3d 517, 521 (Fla. 2d DCA 2016) ("[I]n this case, the jury returned a general verdict. This fact, coupled with an erroneous jury instruction and the prosecutor's emphasis on the [uncharged] deadly weapon theory of committing the offense, resulted in the possibility that the jury found Mr. Ortiz guilty based on a theory of the offense that was not charged in the information."); Burson, 102 So. 3d at 717 (holding that the jury instructions constituted fundamental error where the State "presented evidence of both charged and uncharged methods of committing trafficking, and it argued that *any* of those methods could be used to find Burson guilty . . . [and] [t]he trial court also instructed the jury that it could find Burson guilty if the State had established any of the charged or *uncharged* methods"); Deleon v. State, 66 So. 3d 391, 394 (Fla. 2d DCA 2011) (holding that "the trial court committed

fundamental error in instructing the jury on . . . carjacking with a deadly weapon . . . that was not charged in the information" where "[t]he improper instruction clearly had an effect on the jury's verdict as evidenced by the special verdict form finding him guilty of carjacking with a deadly weapon" and "the victim testified that Deleon carried a gun"); Wright v. State, 975 So. 2d 498, 499-500 (Fla. 2d DCA 2007) (reversing Wright's cocaine trafficking conviction where despite being charged with "unlawfully and knowingly, traffic[king] in cocaine, by selling, delivering, or actually or constructively possessing 200 grams or more of cocaine," the trial court instructed the jury that it could find her guilty if it found that she "knowingly sold, *purchased*, *manufactured*, delivered or *brought into Florida* or possessed a certain substance [cocaine]" and whether Wright was guilty of trafficking by bringing cocaine into the State of Florida was disputed at trial (alterations in original)); Sanders v. State, 959 So. 2d 1232, 1234 (Fla. 2d DCA 2007) (holding that it was fundamental error for the trial court to instruct the jury on the great bodily harm, permanent disability, or permanent disfigurement theory of aggravated battery when the information only charged the deadly weapon theory of aggravated battery and the State's evidence could have supported a verdict on the uncharged alternate theory of the offense).

> [I]t is fundamental error to instruct the jury on a theory of the crime not charged in the information where evidence and argument are presented on the uncharged theory. This is so because under such circumstances it will ordinarily be "impossible to determine whether [the defendant] was convicted of a charged or uncharged offense," and it is a due process violation to convict a defendant of a crime with which he was not charged.

Brown v. State, 41 So. 3d 259, 262 (Fla. 4th DCA 2010) (citations omitted) (quoting Cogbill v. State, 940 So. 2d 537, 539 (Fla. 1st DCA 2006)).

In this case, the State presented evidence and argument that Mr. Reese possessed cannabis. Indeed, the informant testified that Mr. Reese made change and handed the drugs to the other man. During closing argument, the State recounted for the jury the elements of count 1: "So with regards to the elements of delivery of cannabis, there are only four elements which the State must prove. No. 1, Herbert Reese, the defendant, sold, delivered, or possessed with intent to sell or deliver a certain substance. That substance being cannabis."

Thus, through the State's evidence and argument, buttressed by the erroneous instruction, the jury was told that it could convict Mr. Reese if it found that he either sold or was in possession of cannabis with the intent to sell or deliver, uncharged theories all. See, e.g., Sanders, 959 So. 2d at 1234 ("In closing argument, the prosecutor advised the jury that a misdemeanor battery occurs in cases in which there is 'no great bodily harm[,] like the stitches.' Defense counsel argued to the jury that there was no evidence of great bodily injury. Thus, the State did present evidence from which the jury might have concluded that the uncharged alternate theory of the offense was proven, and there was argument on the uncharged alternate theory." (alteration in original)).

Mr. Reese's case, thus, is distinguishable from those in which "the record shows that no argument has been made and no evidence has been presented on the uncharged version." Jaimes, 51 So. 3d at 451. Certainly, because Mr. Reese was charged in count 3 with possession of cannabis, and all the charges arose from the same drug transaction, the issue of possession was necessarily in dispute.

The fact that the jury returned a general verdict bolsters our conclusion. As the reviewing court, we cannot determine whether the jury convicted Mr. Reese on

the uncharged theory. See Burson, 102 So. 3d at 717 ("Moreover, the use of a general verdict form makes it impossible for this court to determine whether Burson was convicted based on the charged or uncharged conduct."); Ritter v. State, 989 So. 2d 1277, 1281 (Fla. 2d DCA 2008) ("This case is analogous to those cases in which the jury is erroneously instructed on a theory not charged in the information and the jury returns a general verdict. In those cases, courts reverse the convictions and remand for new trials because it is impossible to determine whether the jury convicted the defendant on the uncharged theory." (citations omitted)); Sanders, 959 So. 2d at 1234 ("[I]t is fundamental error to instruct the jury on an uncharged alternate theory of a particular offense when it is impossible to ascertain whether the jury convicted the defendant of the uncharged theory rather than the charged theory.").

We are unpersuaded by the State's arguments in favor of affirmance. Principally, the State argues that "the information need only track the statute." Thus, the State suggests, the information was not defective. See, e.g., Richards v. State, 237 So. 3d 426, 430-31 (Fla. 2d DCA 2018) (holding that the defective information, which failed to allege any essential elements and merely cited section 775.21(10)(a) as opposed to the violation of the registration requirement on which the State proceeded at trial, prejudiced Richards because defense counsel clearly demonstrated at the beginning of trial that he had been misled regarding which registration requirement the State was intending to prove that Richards had violated). In support of its position, the State cites to State v. Lee, 651 So. 2d 1221, 1222 (Fla. 2d DCA 1995), in which we held that "[a]n information is sufficient if it tracks the statute, and the state need not present proof with which it intends to establish its case." See also Cantrell v. State, 403 So. 2d 977, 978 (Fla. 1981) ("The language of the information tracked the language of the

statute and sufficiently alleged the existence of a criminal 'enterprise.' The information was sufficient . . . ."). However, the State gets this argument backwards. An individual can violate section 893.13(1)(c)(2) in any of several ways; i.e., sale, manufacture, delivery, or possession with intent to sell, manufacture or deliver. So when the State claims that the language in the amended information "tracks" the statute, it represents that the statutory language is verbatim repeated in the charging document. This is not so. The amended information clearly charged Mr. Reese solely with violating section 893.13(1)(c)(2) through his alleged delivery or attempted delivery of cannabis.

Wright, 975 So. 2d 498, highlights this point. The State charged Ms. Wright with trafficking in cocaine under section 893.135(1)(b)(1), Florida Statutes (2004). The charging document alleged that she "unlawfully and knowingly, traffic[ked] in cocaine, by selling, delivering, or actually or constructively possessing 200 grams or more of cocaine." Wright, 975 So. 2d at 499. Despite the fact that Ms. Wright "was not charged with trafficking by knowingly purchasing, manufacturing, or bringing cocaine into the state[s] . . . the jury was instructed that it should convict Wright of trafficking if she 'knowingly sold, purchased, manufactured, delivered or brought into Florida or possessed a certain substance [cocaine].' " Id. (alteration in original) (emphasis omitted). We observed that "although no evidence was presented and the State did not argue that Wright purchased or manufactured the cocaine, it repeatedly argued that Wright brought the cocaine into the State of Florida." Id. We concluded that "[f]undamental error was committed when the jury was given an instruction defining trafficking which included this manner of committing the offense for which Wright had not been charged." Id. at 500.

- 11 -

We also must reject the State's argument that because the amended information cited the applicable statute, Mr. Reese was thereby "afforded sufficient notice." See generally DuBoise v. State, 520 So. 2d 260, 265 (Fla. 1988) ("[T]he failure to include an essential element of a crime does not necessarily render an indictment so defective that it will not support a judgment of conviction when the indictment references a specific section of the criminal code which sufficiently details all the elements of the offense."). Although the amended information charged Mr. Reese with a violation of section 893.13(1)(c)(2), it specifically excluded any of the alternative theories enumerated in the statute. Cf. Deleon, 66 So. 3d at 394-95 ("We reject the State's argument that because the information cited the applicable statute, . . . Deleon was put on notice that he could be convicted of carjacking with deadly weapon. Although the information cited section 812.133, it specifically included the element of a firearm while it specifically excluded the element of a deadly weapon." (emphasis added) (citation omitted)).

The State contends that "even if [it] had charged all three of those terms in the information (sell/deliver/possess with intent), an Appellant could still raise the question of which 'theory' the jury ultimately elected, because it is normally not required for the jury to specify which method was found." This argument, too, misses the mark. Undoubtedly, "[a]s a state constitutional matter, a criminal conviction requires a unanimous verdict." Robinson v. State, 881 So. 2d 29, 30 (Fla. 1st DCA 2004). However, the issue before us is not the unanimity of the jury's verdict; rather, our concern relates to: (a) jury instructions including uncharged theories; (b) argument on the uncharged theory; and, (c) a general verdict form that fails to inform us whether Mr. Reese was convicted of uncharged conduct.

- 12 -

The State also offers that the "charging of 'delivery' . . . sufficiently informed Defendant that he could be convicted for the act of 'selling' the drugs, which is similar to delivery as it involves an attempt to deliver or to transfer or an attempt, which is a component of delivery and selling." Correspondingly, the State ventures the claim that "[t]here is simply no case law requiring that the prosecution's complete 'theory of guilt' be charged in the information." These arguments are misguided.

First, as explained earlier, where an offense can be committed in more than one way, the State's decision to specifically exclude from the charging instrument a particular theory is problematic where evidence is received concerning the uncharged theory and the jury's return of a general verdict fails to resolve whether the defendant's conviction rests upon the uncharged theory.

Second, delivery is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." § 893.02(6). Thus, an individual must possess the drugs to deliver them. The converse is not necessarily true; an individual need not deliver drugs in order to be found guilty of possession. The State charged Mr. Reese with violating section 893.13(1)(c)(2) solely by virtue of delivering or attempting to deliver cannabis. Yet, the inclusion of evidence, argument, and a jury instruction that delivery can be accomplished through possession with intent to sell, manufacture, or deliver exposed Mr. Reese to conviction for an uncharged offense.

Third, the State is incorrect to argue that any error in the instruction was not fundamental because the uncharged methods of committing delivery of cannabis were subsumed within the method charged. It bears repeating that one need be in possession of cannabis in order to deliver it; however, one may be in possession

- 13 -

without also committing the act of delivery or attempted delivery. In other words, not every act of possession implicates delivery, but delivery necessitates possession.

Cogbill and Burson are illustrative. In Cogbill, 940 So. 2d at 539, the First District held that an instruction that the jury could find the defendant guilty of trafficking in methamphetamine if he "manufactured or possessed" methamphetamine or a mixture containing methamphetamine was not fundamental error where the information only charged the defendant with trafficking by possession. The court reasoned that the defendant could not have manufactured methamphetamine without also possessing it. Therefore, the court could determine with certainty that instructing the jury on the uncharged alternative of manufacture did not result in a circumstance in which the defendant was at risk of being convicted of an uncharged crime:

> [W]e can conceive of no circumstance, particularly under the facts of this case, whereby one could engage in the act of manufacture, as that term was defined, without also being in actual or constructive possession of the prohibited substance. Thus, since the acts constituting manufacture are wholly subsumed within the more broadly defined circumstances constituting actual or constructive possession, it can be determined with certainty that instructing the jury on the uncharged alternative of manufacture did not result in a circumstance in which Cogbill was at risk of being convicted of an uncharged crime.

Id. at 540.

The defendant in Burson, 102 So. 3d at 715, was charged with the sale of oxycodone. The jury instructions permitted a conviction based on proof that the defendant " 'knowingly *possessed*, *purchased*, sold, or *delivered*' oxycodone." Id. In contrast to Cogbill, the jury instructions in Burson created error because they defined trafficking to include possession, an offense for which Burson was not charged and which could not legally have supported a trafficking conviction given that Burson had a

valid prescription for oxycodone. Id. at 717 ("Thus, unlike in Cogbill, the evidence in this case could establish purchase and possession (the uncharged methods) without also establishing sale (the charged method), and Burson was at risk of being convicted of trafficking based on the uncharged conduct of purchase or possession–conduct which, as even conceded by the State, was not illegal due to Burson having a valid prescription for the drug.").

Our case is akin to Burson. Certainly, "sale" can include "delivery." Fla. Std. Jury Instr. (Crim.) 25.6 (" 'Sell' means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value."). But the problem stems from the fact that the jury was furnished an instruction that it could convict Mr. Reese on the uncharged theory that he "possessed with intent to sell or deliver" cannabis. It does not necessarily follow that because one is in possession of cannabis that he possesses the requisite intent to sell or deliver. Cf. State v. McCloud, 577 So. 2d 939, 941 (Fla. 1991) ("[B]ecause there are situations . . . where a sale can occur without possession, possession is not an essential element of sale and is therefore not a lesser-included offense."). And because we cannot determine from the verdict form if Mr. Reese was indeed convicted based upon this uncharged theory, we must reverse.

### Conclusion

Fundamental error occurred in Mr. Reese's trial for delivery of cannabis within 1000 feet of a school where: (a) the jury was instructed on an uncharged theory of the offense; (b) the State argued in favor of, and presented evidence on, the uncharged theory; and, (c) the jury then returned a general verdict. Consequently, we

reverse his judgment, vacate his sentence, and remand for a new trial solely on that count.  We affirm his judgment and sentence on count 2.

Affirmed, in part, reversed, in part, and remanded with instructions.

MORRIS and SLEET, JJ., Concur.